Ivaylo Dodev,

c/o 6312 South 161st Way
    Gilbert, Arizona
    (480) 457-8888 Phone
    (480) 457-8887 Facsimile
    dodev@hotmail.com

*Pro Per*

**TRIAL BY JURY REQUESTED**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| **Bank of New York Mellon,** | Case No. CV-17-02772-PHX-JJT |
| Plaintiff, | |
| v. | **Maricopa County Superior Court No. CV2017-009322** |
| **Ivaylo Dodev,** | |
| Defendant. | **NOTICE OF REMOVAL** |

**COMES NOW,** Ivaylo Dodev (the "Removing Defendants") and hereby gives notice of removal of the above captioned civil action, CV2017-009322, from the Superior Court of the State of Arizona in and for the County of Maricopa (the "State Court Action"), to the United States District Court for the District of Arizona. The Removing Defendant files this notice pursuant to 28 U.S.C. § 1446 and L.R. Civ. 3.6. The United States District Court has jurisdiction over this case under 28 U.S.C. § 1331.

1 | Defendant's Notice of Removal

Undersigned Removing Defendant verifies that a complete copy of all filings in the State Court Action, made available to him, are attached hereto as Exhibit "A", filed hereto and incorporated herein. Further, the undersigned Removing Defendant verifies that a copy of this Notice of Removal will be simultaneously filed with the Clerk of the Maricopa County Superior Court and served to Plaintiff, The Bank of New York Mellon.

## I. GROUNDS FOR REMOVAL OF THIS ACTION

a. Removing Defendant allegedly received a copy of the Summons and Complaint on August 4, 2017.

b. This Notice of Removal is filed within thirty (30) days of the service of a copy of the initial pleading, setting forth the Plaintiffs' claims, to Removing Defendant, therefore, pursuant to 28 U.S.C. §1446(b). *See Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 119 S.Ct. 1322, 143 L.Ed.2d 448 (1999).

c. The Removing Defendant has not pled or answered in the State Court Action. The Removing Defendant hereby reserves all defenses, including defenses based on lack of personal jurisdiction.

d. The United States District Court has original jurisdiction over this action under 28 U.S.C. § 1331 because Removing Defendant brings Federal

Constitutional claim under *res judicata*. *See Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994).

e. The United States District Court has original jurisdiction over this action under 28 U.S.C. § 1332 because the amount in controversy exceeds the sum or value of $75,000.00. Therefore, this suit may be removed to this Court pursuant to the provisions of 28 U.S.C. §1441.

f. The Removing Defendants consents to the removal of this action to the United States District Court, District of Arizona.

## II. ARGUMENTS

### a. The purported Forcible Detainer Action is Barred Under *Res Judicata*

The principle of *res judicata* has its roots in the Seventh Amendment to the U.S. Constitution, which addresses the finality of judgments rendered in a civil trial. The Supremacy Clause of the U.S. Constitution provides that the laws of the United States "shall be the supreme Law of the Land; . . . any Thing in the Constitution or Laws of any state to the Contrary notwithstanding." *U.S. Const. art.* VI, cl. 2.

Not repugnant[1] to the Supremacy Clause, legislators have enacted Rule 41, warranting due process to every person and precluding endless prosecution. ("If

---

[1] All laws which are repugnant to the Constitution are null and void. *Marbury v. Madison*, 5 U.S. (Cranch) 137, 174 (1803): Where rights secured by

3 | Defendant's Notice of Removal

the plaintiff previously dismissed an action in any court based on or including the same claim, a notice of dismissal operates as an adjudication on the merits." ARCP Rule 41(a)(1)(B).)

In this instant action Purported Plaintiff filed this 4th Forcible Entry and Detainer action ("Eviction") against Removing Defendant in violation of the U.S. Constitution as the causes under the complaint have <u>already been adjudicated on the merits</u>, and are thus barred by *res judicata*. Although the action at bar appears to be an eviction at first glance, the record unequivocally shows that Plaintiff voluntarily dismissed the same causes of action against Removing Defendant <u>twice</u> under ARCP Rule 41, and the second dismissal was with prejudice, therefore this action has <u>already</u> been adjudicated on merits and any future filings are futile and in bad faith. *See* <u>CV2016-004500</u> and <u>CV2016-054110</u>. *See* Exhibit "B", attached hereto and incorporated herein.

The full faith and credit statute, 28 U.S.C. § 1738 (1988), provides that the judicial proceedings of any state shall have full faith and credit "in every court within the United States." This language requires all federal courts to give preclusive effect to state court adjudications. *See Allen v. McCurry*, 449 U.S. 90,

the Constitution are involved, there can be no rule making or legislation which would abrogate them. <u>Miranda v. Arizona</u>, 384 U.S. 436, 491

4 | Defendant's Notice of Removal

96, 101 S.Ct. 411, 415–16, 66 L.Ed.2d 308 (1980); *see also University of Tenn. v. Elliott*, 478 U.S. 788, 794, 106 S.Ct. 3220, 3224, 92 L.Ed.2d 635 (1986).

Under Rule 41, Plaintiff is only permitted one voluntary dismissal, and a second voluntary dismissal operates with prejudice. "If the plaintiff previously dismissed an action in any court based on or including the same claim, **a notice of dismissal operates as an adjudication on the merits**." ARCP Rule 41(a)(1)(B).

It is well established that the doctrine of *res judicata* absolutely bars parties from relitigating a matter in issue involving the same claim, demand or cause of action after a final judgment has been rendered by a court of competent jurisdiction between the same parties or their privies. *Hall v. Lalli,* 194 Ariz. 54, 57,7, 977 P.2d 776, 779 (1999); *Aldcch & Steinberer v. Martin,* 172 Ariz. 445, 448, 837 P.2d 1180, 1183 (App. 1992). Under Arizona law, the "longstanding rule [is] that judgment is not only res judicata as to every issue decided, but it is also res judicata as to any issue raised by the record." *Fraternal Order of Police v. Superior Court,* 122 Ariz. 563, 565, 596 P.2d 701, 703 (1979). Therefore, legal arguments and claims that could have been advanced before final judgment, but were not, are barred by res judicata in any subsequent proceeding between the same parties. *Gilbert v. Bd. of Med. Exams,* 155 Ariz. 169, 174, 745 P.2d 617, 622 (App. 1987); *Barassi v. Mattison,* 134 Ariz. 338, 340, 656 P.2d 627,

629 (App. 1982). The purpose of res judicata is to protect litigants from the burden of relitigating identical issues, promote judicial economy by preventing needless litigation, provide finality to litigation, and deter harassment of litigants. *Hall*, 194 Ariz at 57,16, 977 P.2d at 779.

As the record shows, the first eviction action was filed against the Removing Defendant and his wife, CV2016-004500, while the second eviction action was filed only against his wife, CV2016-054110. The question at hand is whether the voluntary dismissal under Rule 41 of ARCP invokes *res judicata* only if the dismissal is against all defendants.

In *Lake at Las Vegas Investors v. Pacific Malibu Dev.*, the Ninth Circuit Courts of Appeals had to decide whether a Rule 41(a)(1) dismissal of less than all parties should be sufficient in every instance to trigger the two dismissal bar.

> "Rule 41(a) may be invoked to dismiss less than all of the parties. *See, e.g., Wakefield v. Northern Telecom, Inc.,* 769 F.2d 109, 114 n. 4 (2d Cir. 1985) (noting that *Harvey Aluminum,* 203 F.2d 105, is against the weight of authority); *Oswalt v. Scripto, Inc.,* 616 F.2d 191, 194-95 (5th Cir. 1980); 5 J.W. Moore, J.D. Lucas, & T.S. Currier, *Moore's Federal Practice* § 41.06-1, at 41-84 to 41-89 (2d ed. 1988). We hold only that upon these facts, the Rule applies."

933 F.2d 724 (9th Cir. 1991).

Rule 41(a)(1) applies not only when the voluntary dismissal is against all defendants but when the action is brought against individual defendant's privy,

6 | Defendant's Notice of Removal

as long as it is under the same claim. *See Western Radio Servs. Co. v. Glickman,* 123 F.3d 1189, 1192 (9th Cir. 1997), cited herein below.

Another question is the status of the notice itself in effectuating dismissal. Removing Defendant raises the question at hand in order to avoid any confusion or misguided allusions to the fact that one of the previous eviction actions was dismissed by an Order of the trial Court (See CV2016-004500), after Plaintiff filed a notice for voluntary dismissal under ARCP Rule 41(a)(1)(B) and Defendant filed his objection to the dismissal.

The same question was raised before the Nine Circuit Court of Appeals for the first time in 1999, and court ruled that:

> Th[e] [filing of notice] itself closes the file. There is nothing the defendant can do to fan the ashes of that action into life and the court has no role to play. This is a matter of right running to the plaintiff and may not be extinguished or circumscribed by adversary or court. There is not even a perfunctory order of court closing the file. Its alpha and omega was the doing of the plaintiff alone. He suffers no impairment beyond his fee for filing.

*Commercial Space Management Co. v. Boeing Co.*, 193 F.3d 1074 (9th Cir. 1999).

Further the Circuit Court ruled that:

7 | Defendant's Notice of Removal

> Because the dismissal is effective on filing and no court order is required, "[t]he filing of a notice of voluntary dismissal with the court automatically terminates the action as to the defendants who are the subjects of the notice." *Wilson,* 111 F.3d at 692. The effect is to "leave [] the parties as though no action had been brought." *Id.*

Therefore, the fact that one of the eviction actions was dismissed with an Order of this Court[1] has no bearing on Defendant's claim of *res judicata*, triggered by the two voluntary notice of dismissal bar. Moreover, Hon. Comm. Michael Barth withdrew the Order dismissing action CV2016-004500.

> Upon further consideration, the Court recognizes that Rule 9(f), Rules of Procedure for Eviction Actions, is inapplicable because a Motion to Dismiss "in response to either a complaint or a counterclaim" is not equivalent to Plaintiff requesting voluntary dismissal of its Complaint, under Rule 41, Arizona Rules of Civil Procedure, inasmuch as such a request is not a "response" to another party's pleading. While Rule 1, Rules of Procedure for Eviction Actions states "the Arizona Rules of Civil Procedure apply when incorporated by reference," Rule 9(h), Rules of Procedure for Eviction Cases authorizes "other appropriate motions may be made by either party." Arguably, Rule 9(h) is incorporating in reference motions authorized by Rules of Civil Procedure by the language "appropriate motions." That would include motions authorized by Rule 41, Arizona Rules of Civil Procedure. Indeed, the Plaintiff in this case filed such motion/notice in both CV2016-004500 and CV2016-054110 against

---

[1] "Thus, it is beyond debate that a dismissal under Rule 41(a)(1) is effective on filing, no court order is required, the parties are left as though no action had been brought, the defendant can't complain, and the district court lacks jurisdiction to do anything about it." *Commercial Space Management Co. v. Boeing Co.*, 193 F.3d 1074 (9th Cir. 1999).

8 | Defendant's Notice of Removal

> Defendants, and now upon Defendant making a motion to dismiss under the same Rule, Plaintiff asserts its inapplicability. The unfairness of this position is obvious.

ME 4/25/17, CV 2017-002670.

### b. Arizona and Other Jurisdictions Have Found that Res Judicata Under Rule 41 Applies to Eviction Action

Courts in Arizona and other jurisdictions that have also codified special proceeding rules and statutes for eviction actions, and have rules similar to ARCP Rule 41, have found that voluntary dismissal rule applies to eviction actions. *See Volpert v. Papagna*, 83 Nev. 429, 434, 433 P.2d 533, 536 (1967) ("The first unlawful detainer suit was voluntarily dismissed by the lessors pursuant to NRCP 41(a)(1) . . . The plaintiffs had the right to dismiss."); *Triune Family Charitable Remainder Unitrust v. Pfeifer*, 157 Wash. App. 1045 (2010) (Considering the argument that "the special proceedings provided in unlawful detainer statutes supersedes general court rules to the extent they are inconsistent" and finding instead that "in general, voluntary dismissal without prejudice under CR 41(a)(1)(B) is available in unlawful detainer actions even though they are special proceedings."); *Zaisan Enterprises LLC v. Green Tree Servicing, LLC*, 389 P.3d 1036 (Nev. 2017) ("Appellant has provided a copy of a notice of voluntary dismissal pursuant to NRCP 41, filed in the district court on January 20, 2017, dismissing the eviction claim against Laura Atias.")

These courts have also applied other parts of their respective Rule 41 to the eviction proceedings after the voluntary dismissal. See *Volpert*, 83 Nev. At 434, 433 P.2d at 536 (Discussing the application of NRCP 41(d) after voluntary dismissal under NRCP 41(a)(1)); *Triune Family*, 157 Wash. App. 1045 at *7 (Applying part CR 41(a)(4). "On the other hand, CR 41(a)(1)(B) allows a plaintiff to voluntarily dismiss a suit at any time before resting its case, without good cause shown. The dismissal is without prejudice unless otherwise stated in the order of dismissal. CR 41(a)(4).").

The Arizona Court of Appeals, has before reviewed an eviction case where the Appellant argued res judicata under ARCP 41(a)(1). In said case, Appellant's arguments were erroneous not because Rule 41 does not apply to evictions, but for lack of merits. The court found that "the superior court granted Federal's motion to dismiss [the eviction] without prejudice. *See* Ariz. R. Civ. P. 41(a)(1) (permitting a plaintiff to voluntarily dismiss a complaint, without court order, "at any time before service by the adverse party of an answer or of a motion for summary judgment")" and that the defendant's subsequent attempted motion to dismiss was invalid. *Brosnahan v. Fed. Nat. Mortg. Ass'n*, No. 1 CA-CV 11-0709, 2012 WL 4963189, at *1 (Ariz. Ct. App. Oct. 18, 2012).

In *Graham v. Pavarini*, the Ohio Court of Appeals discussed in details the effect of prior dismissals in eviction proceedings, finding, like in the Arizona

10 | Defendant's Notice of Removal

case above, that Rule 41 applied but the defendant's particular case had no merit. Ohio Revised Code reads nearly identical to ARCP Rule 41; in pertinent part the Code reads:

> [A]n action may be dismissed by the plaintiff without order of court (a) by filing a notice of dismissal at any time before the commencement of trial unless a counterclaim which cannot remain pending for independent adjudication by the court has been served by the defendant or (b) by filing a stipulation of dismissal signed by all parties who have appeared in the action. Unless otherwise stated in the notice of dismissal or stipulation, the dismissal is without prejudice, <u>except that a notice of dismissal operates as an adjudication upon the merits when filed by a plaintiff who has once dismissed in any court, an action based on or including the same claim.</u>"

9 Ohio App. 3d 89, 93, 458 N.E.2d 421, 427 (1983).

In *Graham* the "tenant argue[d] that dismissals of landlords' November and February suits constitute[d] "an adjudication upon the merits" pursuant to Civ.R. 41(A)(1)." The Ohio Court of Appeals concludes that:

> If each of those prior actions contained claims which are the subject of the present action, <u>termination of those actions by "notice of dismissal" would bar those claims</u> as <u>res judicata</u>. However, a review of the record demonstrates that none of tenant's contentions about the prior dismissals has merit.

*Graham*, 9 Ohio App. 3d at 94.

Contrarily to the action at bar, brought against Removing Defendant—between the same parties and under the same claim, and voluntarily dismissed twice under Rule 41—in *Graham's* case the tenants were not barred from eviction action under the two-dismissal-rule because the actions brought against them were under different claims and were not dismiss voluntarily under Civ.R. 41(A)(1). *Id.* However, the Ohio Court of Appeals determined that *res judicata* applies to eviction actions under Rule 41.

### c. The value of the Subject Property Exceeds $75,000.00

The amount in controversy exceeds the sum or value of $75,000.00 under 28 U.S.C. § 1332. *See, e.g., Duma v. JPMorgan Chase,* 828 F. Supp. 2d 83, 86 (D.D.C. 2011). Upon information and belief, Removing Defendants alleges that the subject property he is in possession of exceeds $75,000.00. This can be measured as the "difference between the plaintiff's current economic position and its position if successful in the litigation — that is, if it obtained possession of the premises and then re-leased it to another tenant" *MCC Mortg. LP v. Office Depot, Inc.*, 685 F.Supp.2d 939, 943 (D.Minn.2010); *YA Landholdings, LLC v. Sunshine Energy, Ky I, LLC,* 871 F. Supp. 2d 650 (E.D. Ky. 2012). Plaintiff's current economic position is valued as zero as it is receiving no rent. As Plaintiff is not in a landlord-tenant relationship with Defendant, its position upon successful litigation will be the resale value of the home.

12 | Defendant's Notice of Removal

### III. CONCLUSION

Considering that there is not a single ruling in all 12 judicial circuits, along with the District of Columbia, that contradicts Defendant's contention that Rule 41 applies to eviction proceedings, purported Plaintiff is barred from the illicit filing of this 4th eviction action, under a color of law, Removing Defendant, respectfully requests that this Court accept jurisdiction in order to protect his Constitutional rights and prevent irreparable damages.

**WHEREFORE**, the Removing Defendants respectfully request that this Notice of Removal be filed, the State Court Action be removed to, and proceed hereinafter, in this Court, and that no further proceedings in this matter take place in the Maricopa County Superior Court.

Respectfully submitted on this 17 day of August, 2017.

*/s/ Ivaylo Dodev*
**Ivaylo Dodev**, Defendant in *Pro Per*
c/o 6312 South 161st Way, Gilbert, Arizona
(480) 457-8888 Phone
(480) 457-8887 Fax

## CERTIFICATE OF SERVICE

**ORIGINAL** and **ONE COPY,** are hand-delivered to The United States District Court for the District of Arizona this 17 day of August, 2017.

**FURTHER,** a copy of the forgoing, are hand-delivered, to the Clerk's Office of the Superior Court of the State of Arizona, County of Maricopa, 201 W. Jefferson St, Phoenix, AZ 85003, and filed on the record this 17 day of August, 2017.

**FURTHER,** a copy of the foregoing is hand-delivered to Hon. Comm. David Garbarino office at the East Court Building of the Superior Court of the State of Arizona, this 17 day of August, 2017.

**FURTHER,** a copy of the foregoing is hand-delivered to Counsel for Plaintiff Bank of New York Mellon Ross Mumme, this 17 day of August, 2017.

*[signature]*

By, Ivaylo Dodev
6312 South 161st Way, Gilbert, Arizona
(480) 457-8888 Phone
(480) 457-8887 Fax