EXHIBIT "A"

In The Superior Court of The State of Arizona
and for the County of Maricopa

MICHAEL K. JEANES, CLERK
RECEIVED CCB
DOCUMENT DEPOSITORY
AFFIDAVIT OF NON-SERVICE

'17 JUL 21 AM 10:35

Bank of New York Mellon
                                    Plaintiff,
VS.
Ivaylo T Dodev, John/Jane Doe Last Name
                                    Defendant,

Case No. CV2017-003622.35
Hearing Date: 7/27/2017
Hearing Time: 9:00 AM

State of Arizona          }
County of Maricopa        }    ss.

The Affiant, declares under penalty of perjury, that I am fully qualified, pursuant to Rule 4(d), Arizona Rules of Civil Procedure, to serve process in this cause in or for the State of Arizona and that the foregoing is true and correct.

On 7/11/2017, I received from McCarthy Holthus, LLP and from . the Summons, Forcible/Special Detainer, Residential Eviction Information Sheet and Complaint/Forcible/Special Detainer; and Certificate of Compulsory Arbitration; Affidavit Re: Military Service.

In each instance I personally attempted to serve the aforementioned documents on: Ivaylo T Dodev in the manner set below:

| Date and Time | Address | Details |
|---|---|---|
| 7/13/2017 at 5:00 PM | 6312 S 161st Way Gilbert, AZ 85298 | There was no answer at this time of attempt, no activity was observed and there were no vehicles visible. |
| 7/15/2017 at 9:00 AM | 6312 S 161st Way Gilbert, AZ 85298 | There was no answer at time of attempt. There were no cars visible and no sounds. |
| 7/17/2017 at 4:00 PM | 6312 S 161st Way Gilbert, AZ 85298 | There was no answer at the time of attempt and no cars visible. There was 2 pairs of shoes outside the front door. |
| 7/18/2017 at 11:00 AM | 6312 S 161st Way Gilbert, AZ 85298 | Again, no answer at time of attempt. No vehicles were present. *Was home truck outside* |
| 7/19/2017 at 7:00 PM | 6312 S 161st Way Gilbert, AZ 85298 | There was no answer at time of attempt. The lights were on inside of the house. There were chickens and a cow on the yard. I believe that the subject(s) are definitely avoiding service. *↓ no cow probably was home* |

Subscribed and sworn before me on
7/20/2017

_____
Denis Cavar, Notary Public
Commission expires on: 7/15/2019

COPY

X _____
Mark Wolkos, MC-8672, Affiant
Registered in Maricopa
Work Order Number: P140438
Client Reference: AZ-17-112782

| | |
|---|---|
| Filing Fee-Complaint | 319.00 |
| Service of Process | 80.00 |
| Total: | $ 399.00 |

DENIS CAVAR
Notary Public, State of Arizona
Maricopa County
My Commission Expires
July 15, 2019

# EXHIBIT "B"



# EXHIBIT "C"



EXHIBIT "D"



# EXHIBIT "E"



EXHIBIT "F"



1 | Ross M. Mumme, Esq. (029956)
2 | **McCARTHY HOLTHUS, LLP**
  | 8502 E. Via De Ventura, Suite 200
3 | Scottsdale, Arizona 85258
  | (480) 265-4002
4 | rmumme@mccarthyholthus.com
5 | Attorneys for Plaintiff

6

### IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

7

### IN AND FOR THE COUNTY OF MARICOPA

8

| Bank of New York Mellon, f/k/a Bank of New York, as Trustee, on behalf of the registered holders of Alternative Loan Trust 2007-OA7, Mortgage Pass-Through Certificates, Series 2007-OA7, its assignees and/or successors, | No. CV2017-009322 / 1 CA-CV 17-0401 |
|---|---|
| Plaintiff, | **ORDER GRANTING ALTERNATIVE SERVICE** |
| vs. | (Assigned to the Honorable) |
| Ivaylo T Dodev, husband and wife, All Unknown Occupants, and DOES 1-10, inclusive | |
| Defendants. | |

**THIS MATTER** having come before the Court on Plaintiff's Motion For Order Authorizing Alternative Service, and the Court having considered the Motion and based upon the foregoing findings, and good cause appearing therefore;

**IT IS HEREBY ORDERED** that if one additional attempt to personally serve the Defendant(s) is unsuccessful, service of process in this action may be made upon the Defendant(s) by:

(1) Conspicuously posting a copy of the Summons and Complaint, together with a copy of this Order, on the main entrance to, or a more conspicuous place on, the real property that is the subject of this action, and by

AZ-17-112782

1

1
2
3
4

    (2) Certified mailing (return receipt requested) and regular mailing a copy of the Summons and Complaint, together with a copy of the Order, to the Defendant(s) at the real property address that is the subject of this action.

5
6
7
8
9
10
11
12

    **IT IS FURTHER ORDERED** that the posting of the Summons and Complaint, together with a copy of this Order, upon the stone structure at the end of the subject property's paved walkway wherein the "Private Property Keep Out" sign is affixed as well as posting a copy of the Summons and Complaint, together with a copy of this Order, upon the stone structure containing the property's mailbox, shall constitute the conspicuous posting of the Summons and complaint, adequate in conjunction with the aforementioned mailing of the Summons, Complaint and a copy of this Order, to effectuate service.

13

**DATED:**_____

14
15
16

                _____
                   Judge/Court Commissioner

17
18
19
20
21
22
23
24
25
26

AZ-17-112782

Granted as Submitted
***See eSignature page***

Michael K Jeanes, Clerk of Court
*** Electronically Filed ***
L. Brown, Deputy
8/1/2017 8:00:00 AM
Filing ID 8538139

1  Ross M. Mumme, Esq. (029956)
**McCARTHY HOLTHUS, LLP**
2  8502 E. Via De Ventura, Suite 200
Scottsdale, Arizona 85258
3  (480) 265-4002
4  rmumme@mccarthyholthus.com
Attorneys for Plaintiff
5

6              **IN THE SUPERIOR COURT OF THE STATE OF ARIZONA**

7                 **IN AND FOR THE COUNTY OF MARICOPA**

8
| | |
|---|---|
| Bank of New York Mellon, f/k/a Bank of New York, as Trustee, on behalf of the registered holders of Alternative Loan Trust 2007-OA7, Mortgage Pass-Through Certificates, Series 2007-OA7, its assignees and/or successors, | No. CV2017-009322 **ORDER GRANTING ALTERNATIVE SERVICE** |
| Plaintiff, | |
| vs. | |
| Ivaylo T Dodev, husband and wife, All Unknown Occupants, and DOES 1-10, inclusive Defendants. | |

18        **THIS MATTER** having come before the Court on Plaintiff's Motion For Order

19  Authorizing Alternative Service, and the Court having considered the Motion and based

20  upon the foregoing findings, and good cause appearing therefore;

21        **IT IS HEREBY ORDERED** that if one additional attempt to personally serve the

22  Defendant(s) is unsuccessful, service of process in this action may be made upon the

23  Defendant(s) by:

24        (1) Conspicuously posting a copy of the Summons and Complaint, together with a

25  copy of this Order, on the main entrance to, or a more conspicuous place on, the real

26  property that is the subject of this action, and by

AZ-17-112782

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

(2) Certified mailing (return receipt requested) and regular mailing a copy of the Summons and Complaint, together with a copy of the Order, to the Defendant(s) at the real property address that is the subject of this action.

**IT IS FURTHER ORDERED** that the posting of the Summons and Complaint, together with a copy of this Order, upon the stone structure at the end of the subject property's paved walkway wherein the "Private Property Keep Out" sign is affixed as well as posting a copy of the Summons and Complaint, together with a copy of this Order, upon the stone structure containing the property's mailbox, shall constitute the conspicuous posting of the Summons and complaint, adequate in conjunction with the aforementioned mailing of the Summons, Complaint and a copy of this Order, to effectuate service.

**DATED:**_____

_____
                              Judge/Court Commissioner

AZ-17-112782

# eSignature Page 1 of 1

Filing ID: 8538139   Case Number: CV2017-009322
Original Filing ID: 8526302

**Granted as Submitted**



/S/ David Garbarino Date: 7/31/2017

Judicial Officer of Superior Court

## ENDORSEMENT PAGE

CASE NUMBER: CV2017-009322

E-FILING ID #: 8538139

SIGNATURE DATE: 7/31/2017

FILED DATE: 8/1/2017 8:00:00 AM

ROSS M MUMME

IVAYLO T DODEV
NO ADDRESS ON RECORD

Ross M. Mumme, Esq. (029956)
**McCARTHY HOLTHUS, LLP**
8502 E. Via De Ventura, Suite 200
Scottsdale, Arizona 85258
(480) 302-4063
rmumme@mccarthyholthus.com
Attorneys for Plaintiff

### IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

### IN AND FOR THE COUNTY OF MARICOPA

| | |
|---|---|
| BANK OF NEW YORK MELLON, F/K/A BANK OF NEW YORK, AS TRUSTEE, ON BEHALF OF THE REGISTERED HOLDERS OF ALTERNATIVE LOAN TRUST 2007-OA7, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2007-OA7, its assignees and/or successors,<br><br>    Plaintiff,<br><br>vs.<br><br>IVAYLO T DODEV, All Unknown Occupants and DOES 1-10, inclusive,<br><br>    Defendants. | No. CV2017-009322<br><br>**ALIAS SUMMONS**<br>(Summary Action For Forcible Entry and Detainer) |

### THE STATE OF ARIZONA TO THE ABOVE-NAMED DEFENDANTS:

**Ivaylo T Dodev**
**Or Current Occupant**
**6312 S 161st Way**
**Gilbert, AZ 85298**

**YOU ARE HEREBY SUMMONED** and requested to appear and defend in the above-entitled action in the above-entitled court at:

Maricopa County Superior Court
125 West Washington
Phoenix, AZ 85003

on the 10th day of August , 2017 at 9:00 o'clock a.m., and you are hereby notified that in case you fail to do so, judgment by default will be rendered against you on the form of relief demanded in the Complaint.

The name and address of Plaintiff's attorney is as follows:

**McCARTHY HOLTHUS, LLP**
Ross M. Mumme, Esq.
8502 East Via De Ventura, Suite 200
Scottsdale, Arizona 85258

**REQUESTS FOR REASONABLE ACCOMMODATION FOR PERSONS WITH DISABILITIES MUST BE MADE TO THE DIVISION ASSIGNED TO THE CASE BY PARTIES AT LEAST 3 JUDICIAL DAYS IN ADVANCE OF A SCHEDULED COURT PROCEEDING.**

**GIVEN** under my hand and the seal of the Superior Court of the State of Arizona, in and for the County of MARICOPA this _____ day of _____, 2017.



By_____
Clerk of the Superior Court

AZ-17-112782

2

1  Ivaylo Dodev,

2  c/o 6312 South 161st Way
3  Gilbert, Arizona
4  (480) 457-8888 Phone
   (480) 457-8887 Facsimile
5  dodev@hotmail.com

6  *Pro Per, by Special Appearance*

7





DAVID W. GARBARINO
SUPERIOR COURT COMMISSIONER

8

9       **IN THE SUPERIOR COURT OF THE STATE OF ARIZONA**
10         **IN AND FOR THE COUNTY OF MARICOPA**

11

12  **Bank of New York Mellon,**          **Case No.  CV2017-009322**

13                    **Plaintiff,**      **MOTION TO DISMISS FOR LACK**
14  v.                                    **OF JURISDICTION**

15                                        BY SPECIAL APPEARANCE
16  **Ivaylo Dodev,**
                                          **(Hon. David Garbarino)**
17                    **Defendant.**

18

19      **COMES NOW** Ivaylo Dodev ("Defendant"), in *pro per*, under the above
20
21  captioned case, <u>by special appearance, not to be construed as a general</u>
22  <u>appearance,</u> without waiving any rights, remedies or defenses, and moves this
23
24  Court pursuant to Rule 9(e) of the Arizona Rules of Procedures for Eviction
25  Actions ("RPEA") and Rule 12(b)[1] of the Arizona Rules of Civil Procedure
26

27      [1] Rule 12(b) of ARCP, not specifically incorporated by RPEA, is hereby
28  used only as a guide stone for jurisdictional challenge, not as the crux of the
    presented legal arguments. Relief is being sought under Rule 9(e) of RPEA.

("ARCP") with his Motion to Dismiss for Lack of In Personam[1] Jurisdiction, filed in lieu of answering the complaint.

Moreover, Defendant cannot answer the complaint at this time, since the jurisdiction of this Court has been challenged. Answering the complaint will vest jurisdiction back into this Court and it will waive all jurisdictional challenges, asserted during the initial hearing, and a potential appeal will be futile. In *Hummel v. Koehler*, the court held that jurisdictional defenses were waived where a defendant filed an answer, 458 A. 2d 1187, (D.C. 1983), cited by *Carlton v. Emhardt*, 674 P. 2d 907, (Ariz. Ct. App. 1983) (finding that "filing of a compulsory counterclaim waives the defense of lack of jurisdiction"). *See also Crocker v. Crocker*, 446 P. 2d 226, (Ariz. 1968) ("If defendant was uncertain as to whether the court could or would render a personal judgment against him he could have made a special appearance to contest jurisdiction").

In support thereof, Defendant provides the following Memorandum of Points and Authorities submitted herein and made part hereto.

/// /// ///

/// /// ///

---

[1] "IN PERSONAM JURISDICTION: Power which a court has over the defendant himself in contrast to the court's power over the defendant's interest in property (quasi in rem) or power over property itself (in rem). A court which lacks personal jurisdiction is without power to issue an in personam judgment. *Pennoyer v. Neff*, 95 U.S. 714, 24 L.Ed. 565." *Black's Law Dictionary*, 5th Ed. (1979), p. 711, Title "In personam jurisdiction."

<u>CAVEAT</u>

Defendant has been ordered to file an answer to the complaint the day following the initial hearing, which is today Friday the 11th. Mindful of the time restraint, the few-hours he has to work on this Motion to Dismiss, he reserves his right to amend, supplement, or file consequent motion(s) to dismiss when/if he has more facts about the alleged service attempt(s), which he did not willfully avoid, or in order to address the merits of the complaint, which he without waiving any rights is not doing in this motion as he is challenging this Court's in personam jurisdiction <u>only</u>. See *Kline v. Kline*, 221 Ariz. 564, 569, 212 P.3d 902, 907 (Ct. App. 2009) (A party has made a general appearance when he has taken any action, other than objecting to personal jurisdiction.)

At the time of filling Defendant did not have access to any ruling of the court, upon his initial special appearance in order to contest service of process.

## <u>MEMORANDUM OF POINTS AND AUTHORITIES</u>

### I.    <u>FACTUAL BACKGROUND</u>

1.    On or about July 12, 2017, the purported Plaintiff filed this instant forcible detainer action ("Eviction") against Defendant. CV2017-009322.

2.    This is the <u>forth eviction action</u> filed against Defendant by the same Plaintiff against Defendant and/or his privy. See CV2016-004500, CV2016-054110 and CV2017-002670, incorporated herein by this reference.

3.    All previous actions have been dismissed in favor of Defendant for lack of service, improper request for an order granting alternative service or voluntarily by Plaintiff.

4.    The action prior to this instant action, CV2017-002670, although dismissed in favor of Defendant, is still pending in regards to a fully briefed Motion to Sanction Counsel and Defendant's request for his taxable cost.

5.    The same action (CV2017-002670) has been brought before the Arizona Court of Appeals, Division One, CV2017-002670, and consequently dismissed on August 2, 2017 – about 3 weeks after Plaintiff's commencement of this instant action.[1]

6.    On or about July 26, 2017, Plaintiff motioned this Court for an Order Authorizing Alternatives Service.

7.    On or about August 1, 2017, this Court Granted Plaintiff's Motion for Authorizing Alternative Service.

8.    Defendant appeared by special appearance, in his *propria persona,* on the initial hearing, held on August 10, 2017 in order to contest the motion requesting alternative service and the Order authorizing such service.

/// /// ///

---

[1] Defendant will exercise his right under Rule 23 of ARCP, and timely petition for review the Supreme Court of Arizona. This Court should take judicial notice that under appellate rules the appeal is still pending, until a final order of the court.

## II.   PERTINENT FACT FROM THE INITIAL HEARING

1.      Counsel for Plaintiff attested that due to "No Trespassing" signs on Defendant's property "they" could not legally advise the process servers to come to the door and effectuate service without trespassing.

2.      When asked by the Court if the process server has come to the door of Defendant's property in an attempt to effectuate service, Counsel replied: "I do not think so, and can't know without having him/her present". (Defendant is quoting by memory, as verbatim as possible.)

3.      Defendant objected on the record by stating that there are neither rules nor case laws that will prevent an officer of the court to come to a residence with court documents just because of posted "No Trespassing" signs.

4.      Counsel further attested that Defendant's property is probably held by the servicer, which he believes is the Bank of America, not by the alleged Plaintiff.[1]

5.      Defendant objected by saying that after a foreclosure the property cannot and does not have a servicer, as there is no mortgage.

6.      Further, Defendant expounded by saying that the Bank of America has denied any interest in his property (so is the purported Plaintiff). Referencing his Quiet Title action, where Bank of America was dismissed as defendant after

---

[1] Under Arizona law these are questions of fact, solely reserved for the jury.

proving on the record that they do not serve Plaintiff's [Defendant in this instant action] property and have no interest in it. *See* CV-13-02155-PHX-DLR.

7.    Further, Defendant alleged that the affidavit of Attempted Service is fraudulent as he was home with his garage door open[1] and his truck parked outside during one of the alleged service attempts. (Referring to alleged attempted service on 7/18/2017 at 11AM.)

8.    Further, Defendant alleged that the affidavit of Attempted Service is inconsistent with his property as it claims that during one of the service attempts there was a cow on the premises – a wholly incorrect claim, as Defendant owns no cows or other large animals.

## III.    ARGUMENTS

### a.  Jurisdiction Must be Properly Established Before Proceeding

The alleged Defendant herby challenges this Court's jurisdiction to hear this eviction. When jurisdiction of any tribunal is challenged, the Plaintiff bears the burden of proof. *See Xcentric Ventures, LLC v. Bird*, 683 F. Supp. 2d 1068, 1071 (D. Ariz. 2010). When a court "lacks subject-matter jurisdiction, the court must dismiss the complaint, *sua sponte* if necessary." *Pistor v. Garcia*, 791 F.3d 1104, 1111 (9th Cir. 2015). In personam jurisdiction is essential to a valid judgment, and the Court must have jurisdiction to enter the particular judgment.

---

[1] Defendant was working on his son's car, which he towed the day before from Flagstaff, during the time of another alleged service attempt.

*Van Ness v. Superior Court,* 69 Ariz. 362, 213 P.2d 899 (1950). Lack of jurisdiction can be raised at any time, *Kelly v. Kelly* 24 Ariz.App. 582, 540 P.2d 201 (1975).

### b. Defendant was not properly served and the Court lacks In Personam Jurisdiction

Jurisdiction is of two kinds, of the subject matter and of the person, and both must concur or the judgment will be void in any case in which a court has assumed to act, the difference being that jurisdiction of the person may be obtained by consent, while jurisdiction of the subject-matter cannot be conferred by consent and the court need to dismiss *sua sponte*[1]. *Kelly*, 540 P.2d at 202. "Proper service of process is essential for the court to have jurisdiction over the defendant." *Koven v. Saberdyne Sys., Inc.,* 128 Ariz.App. 318, 321, 625 P.2d 907, 910 (1980). "[A] judgment would be void[2] and subject to

---

[1] *Pistor v. Garcia,* 791 F.3d 1104, 1111 (9th Cir. 2015).

[2] "Where there is no jurisdiction there is no judge; the proceeding is as nothing. Such has been the law from the days of the Marshalsea, 10 Coke 68; also Bradley v. Fisher, 13 Wall 335,351." *Manning v. Ketcham,* 58 F.2d 948. A judgment obtained without jurisdiction over the defendant is void. *Overby v. Overby,* 457 S.W.2d 851 (Tenn. 1970). "A void judgment is one that has been procured by extrinsic or collateral fraud or entered by a court that did not have jurisdiction over the subject matter or the parties." *Rook v. Rook,* 233 Va. 92, 95, 353 S.E.2d 756, 758 (1987). "Therefore, it is necessary that the record present the fact establishing the jurisdiction of the tribunal." *Lowe v. Alexander 15C 296; People v. Board of Delegates of S.F. Fire Dept.,* 14 C 479. "If any tribunal (court) finds absence of proof of jurisdiction over person and subject matter, the case must be dismissed." *Louisville RR v. Motley,* 211 U.S. 149, 29 S.Ct. 42 (1908).

attack if the court that rendered it was without jurisdiction because of lack of proper service." *Id.*

"A motion making any of these defenses [lack of jurisdiction over the person; and, insufficiency of service of process - ARCP Rule 12(b)(2) and (5)] shall be made before pleading" under ARCP Rule 12(b). These rules are made relevant by RPEA 5(f) incorporating ARCP 4.1 or 4.2 "[s]ervice of the summons and complaint shall be accomplished by either personal service or post and mail service for a special detainer action, and for a forcible detainer action, as provided by Rule 4.1 or 4.2 of the Arizona Rules of Civil Procedure."

Defendant has not been lawfully served with a copy of the summons and the complaint under Rule 5(f) of RPEA, incorporating Rules 4(a) and 4.1(d) of ARCP, and this action should be dismissed under Rule 5(g), of RPEA and Rule 12(b)(5), and 12(b)(1), (2) of ARCP. The Arizona Court of Appeals in *Arizona Real Estate Inv., Inc. v. Schrader* found that

> "[s]ervice of a forcible detainer summons and complaint in Arizona is governed by Arizona Rule of Civil Procedure 4.1. Rule 4.1(d) states that service may be accomplished 'by delivering a copy of the summons and of the pleading to that individual personally or by leaving copies thereof at that individual's dwelling house with some person of suitable age and discretion.' Arizona Real Estate neither served Schrader personally nor left copies of the summons and complaint with an individual at the residence."

244 P.3d 565, 567, 226 Ariz.App. 128 (2010).

Like the Defendant there, Defendant here has not been served personally and copies of the summons and complaint have not been left with an individual in the residence.

While ARCP 4.1(d) governs the process of service ARCP 12(b) provides the remedies when this process is not followed, leaving this Court without jurisdiction over the person due to insufficiency of service. The rules are thus relevant in this Motion to Dismiss in conjunction with RPEA 9(e). If a defendant has not been properly served, and the defect in service has not been waived, any resulting judgment will be void and must be vacated on request. *See Hilgeman v. Am. Mortgage Sec., Inc.,* 196 Ariz.App. 215, 220, 994 P.2d 1030, 1035 (2000).

Rule 12(b)(5) governs if there is insufficiency of service of process of the summons and complaint. *See Snow v. Steele,* 121 Ariz. 82, 86, 588 P.2d 824, 828 (1978). This Court has discretion to grant Defendant's Motion. *See Snow,* 121 Ariz. at 84, 588 P.2d at 826 (holding that "the trial court did not abuse its discretion in granting the defendants' motion to dismiss"). Service of process is required to provide parties with adequate notice of the claims against them. (*Safeway Stores, Inc. v. Ramirez,* 99 Ariz. 372, 380, 409 P.2d 292, 297 (1965).)

Therefore, it is the duty of this Court to dismiss this action for lack of jurisdiction under Rule 5(g) of RPEA, reading in pertinent part: "Failure to

Obtain Service. A complaint that is not served within the time required by applicable statute may be dismissed at the initial appearance date unless the defendant waives service in writing".

**c. There Was No Legal Ground For Request of Alternative Service**

Counsel's Motion for Order Authorizing Alternative Service, along with Proposed Order (the "Motion"), was filed untimely and is <u>bereft of any arguments establishing impracticability of service of process</u>. In fact, Counsel by and through his testimony during the initial hearing attested that he could not legally advise the process server to come to Defendant's door due to posted "No Trespassing" signs. In other words, he could not advise them to attempt to serve him under applicable rules, and no attempted service was made.  When we read his proposed Order for Authorizing Alternative Service we find the same contention and discrepancies, as the Motion is 3-pronged: requesting an additional service attempt; posting on the main entrance, and; posting on the outskirts on the subject property. *See* the Motion Requesting and the Order Granting Alternative Service, incorporated herein by this reference.

Moreover, although Counsel requested "one additional service attempt" in his Motion and this Court Ordered one, he never intended to comply with the Order as his Motion reads in pertinent part: "Defendant's property is clearly marked on numerous locations [2 places to be exact] with signs reading "Private

Property" and "No Trespassing," … making a posting on the property's front door or other traditional locations constituting the "outer main entrance," impracticable without trespassing on the property." (Motion p. 2.)

None of Counsel's allegations are founded in rules or law and show intend not serve Defendant in his property because of sings that create no legal obstruction to officers of the court, and were placed mainly to deter the waste management trucks and UPS to make U-turns in Defendant's property.

Defendant alleges that no additional attempt to serve him ever occurred and the summons and the complaint were not posted on his main entrance as ordered, and as Counsel—once again—testified in open court, the process server did not come to Defendant's door because he/she "will be trespassing". None of Counsel's arguments are in congruity with the RPEA or ARCP or any presiding case law.

Contrarily, Counsel's arguments establish that no attempts to properly serve Defendant in his place of abode prior to requesting alternative service were made, and upon granting the Order, one additional attempt to serve Defendant was not attempted due to posted "No Trespassing" signs. Defendant presents these arguments based on the initial hearing, Counsel's testimony, and the Affidavit of Attempted Service. He has not been furnished with an Affidavit of Service and no evidentiary hearing has been held on this contested matter.

Further, the Affidavit of Attempted Service does not establish any evasion, impracticability, inaccessibility, impediment, dangers or entrapments to the process server and/or restrains to his/her ability to access the residence by fence, dogs or otherwise, which might be a ground for the untimely request for Alternative service. Moreover, Counsel testified that he does not believe that anyone has attempted to serve Defendant at the door of the subject property.

Defendant contends that Plaintiff did not have the right to seek and were not lawfully granted an Order for Alternative Service. Plaintiff filed an action for forcible detainer, and as such the service of process requirements follow RPEA Rule 5(f), which reads, in pertinent part, that "[s]ervice of the summons and complaint shall be accomplished by either personal service or post and mail service for a special detainer action, and for a forcible detainer action, as provided by Rule 4.1 or 4.2 of the Arizona Rules of Civil Procedure."

The Arizona Court of Appeals found that service through alternative methods <u>can only be granted</u> when personal service **"proves impracticable,"** pursuant to Rule 4.1(m), which read that

> "[i]f service by [Rule 4.1(d)] proves impracticable, then service may be accomplished in such manner, other than by publication, as the court, upon motion and without notice, may direct. Whenever the court allows an alternate or substitute form of service pursuant to this subpart, reasonable efforts shall be undertaken by the party making service to assure that actual notice of the commencement of the action is provided to the person to be served and, in any event, the summons and the pleading to be served, as well as any order of the court

authorizing an alternative method of service, shall be mailed to the last known business or residence address of the person to be served." *See Schrader*, 244 P.3d at 567.

In the *Schrader* case, the court argued that the record did not establish impracticability because the because the affidavit includes no facts attesting to any impediments to or evasion of personal service. *See Barlage v. Valentine*, 210 Ariz. 270, 273, ¶¶ 6–8, 110 P.3d 371, 374 (App. 2005) (affidavit of due diligence was inadequate where the affidavit merely asserted that a due diligence effort had been made without setting forth any facts showing such an effort). 244 P.3d at 567. Plaintiff likewise did not allege any facts that would have made service impracticable.

Moreover, Counsel already new Defendant by the prior, still pending action and appeal and had conversed whit him over the phone, but chose not to alert him by pone of this instant actin or to provide his phone number to a process server. *See Blair v. Burgener*, 226 Ariz. 213, 215–16, 245 P.3d 898, 900–01 (Ct. App. 2010)

**d. Further this Court Does Not Have Jurisdiction Over the Defendant Under the Prior Pending Action Doctrine.**

As stated, herein and above, there is a pending eviction action against Defendant in regards to taxable cost and other undisposed motions. The *Ghadimi v. Soraya* court reasoned that the determination of attorneys' fees made the

Notice of Appeal invalid because that issue was not ministerial since the trial court had to evaluate differing factual presentations and arguments, wherefore the underlying action was still pending. *See Ghadimi*, 285 P.3d at 971.

Moreover, the last eviction action, although dismissed in favor of Defendant, is still on appeal under ARCP Rule 23. This is an appeal which may take a long time to brief and has a strong likelihood of ending in Defendant's favor, under the claim preclusion and collateral estoppel doctrines. The dismissal by the Arizona Court of Appeals, 3 weeks after the commencement of this unripe for prosecution instant action, is not a final unappealable court order; therefore, the last eviction action (CV2017-002670) is still pending.

Therefore, this Court has to exercise its inherent power and dismiss the duplicative action at bar. A power that is "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North Am. Co.*, 299 U.S. 248, 254 (1936). This Court has "broad discretion" to apply this inherent power to "dismiss a duplicative later-filed action." *Adams*, 487 F.3d at 688. ("As between federal district courts . . . the general principle is to avoid duplicative litigation."). The purpose of this well-established rule is to promote efficiency and avoid duplicative litigation, and thus it should not be lightly disregarded. *Alltrade, Inc. v. Uniweld Prods., Inc.*, 946 F.2d 622, 625 (9th Cir.

1991).    *See Sauter v. Sauter,* 4 Conn. App. 581, 495 A.2d 1116, 1118 (1985) (dismissal is appropriate only when the actions are pending in the same jurisdiction) and *Curtis v. Morris,* 184 Ariz. 393, 909 P.2d 460 (Ct. App. 1995), approved, 186 Ariz. 534, 925 P.2d 259 (1996).

The Ninth Circuit has held that "[i]n proceedings *in rem* or *quasi in rem,* the forum first assuming custody of the property has exclusive jurisdiction to proceed." *Washington Street Corp. v. Lusardi,* 976 F.2d 587, 589 (9th Cir.1992) (per curium).   In an action *in rem* or *quasi in rem,* the first court to acquire jurisdiction over the property has jurisdiction to the exclusion of the other. *Kline,* 260 U.S. at 229-31, 43 S.Ct. at 81-82; *Mach-Tronics, Inc. v. Zirpoli,* 316 F.2d 820, 833 (9th Cir.1963); *cf. Dowdy v. Calvi,* 14 Ariz. 148, 125 P. 873 (1912). The rationale for exclusive jurisdiction is that there is only one *res* and the first court to assume jurisdiction over it withdraws it "from the judicial power of the other as if it had been carried physically into a different territorial sovereignty." *Forst,* 49 Ariz. at 252-53, 65 P.2d at 1382, *citing Covell v. Heyman,* 111 U.S. 176, 182, 4 S.Ct. 355, 358, 28 L.Ed. 390 (1884).

There, it was held that the district court had been required to stay a quiet title action filed in it when there was a concurrent quiet title action that had been filed first in state court. *Id.* "If both the Unlawful Detainer Action and the Quiet Title Action are characterized as *in rem* or *quasi in rem,* the prior exclusive

jurisdiction doctrine applies." *Chapman v. Deutsche Bank Nat'l Trust Co.*, 651 F.3d 1039, 1045 (9th Cir. 2011). See also United States Supreme Court cases *Kline v. Burke Const. Co.*, 260 U.S. 226, 229, 43 S.Ct. 79, 67 L.Ed. 226 (1922) and *Penn Gen. Casualty Co. v. Pennsylvania*, 294 U.S. 189, 195, 55 S.Ct. 386, 79 L.Ed. 850 (1935), regarding the prior exclusive jurisdiction doctrine.

### e. This Court Does not have Jurisdiction over the Defendant until Appellant's Court Final Dispositive Order.

The Court should take legal notice that this is the <u>fourth</u> Eviction action filed against this property and it is thus barred by *res judicata*. The two preceding actions were voluntarily dismissed by Plaintiff under ARCP Rule 41. <u>See</u> CV2016-004500 and CV2016-054110. Thus, other provisions under ARCP Rule 41 related to voluntary dismissal are also applicable. Specifically, a Plaintiff is only permitted one voluntary dismissal, and a <u>second voluntary dismissal operates with prejudice</u>. "If the plaintiff previously dismissed an action in any court based on or including the same claim, a notice of dismissal operates as an adjudication on the merits." ARCP Rule 41(a)(1)(B).

Here, the previously dismissed evictions were against the same defendants, and under the same claims for possession of the foreclosed upon property. Accordingly, the second notice of voluntary dismissal filed in CV2016-004500 operated as a dismissal with prejudice and the third and this maliciously filed

**fourth eviction** are barred by *res judicata*, wherefore this Court have no jurisdiction over the Defendant and needs to dismiss this action *sue sponte*.

The Appellate Court of Arizona upheld the applicability of Rule 41(a)(1)(B) in eviction proceedings with their ruling in *Brosnahan v. Fed. Nat. Mortg. Ass'n*, No. 1 CA-CV 11-0709, 2012 WL 4963189, at *1 (Ariz. Ct. App. Oct. 18, 2012)[1]. In *Brosnahan*, the Appellate Court ruled that Rule 41(a)(1)(B) would have applied but there was only one voluntary dismissal by Plaintiff. In light of foregoing, Defendant's pending Petition for Review in the appellate court has a strong likelihood of success and allowing this pernicious fourth action, under the same causes and between the same parties, may dispose Defendant and cause irreparable damage.

## IV.    CONCLUSION

Plaintiff has already attempted to disposes defendant from his property by using fallacious methods in flagrant violation of the RPEA in previous actions, as the record unequivocally shows. They even once executed a Writ of Restitution and attempted to evict Defendant after being <u>specifically ordered not to do so</u> by the Hon. Commissioner Barth. *See* CV2016-004500. After hearing Counsel's testimony, Defendant alleges that the action at bar is no different and Plaintiff was attempting to opportunistically rely on a default judgment upon untimely

---

[1] Used under Ariz. R. Supreme Court 111(c)(1)(C)

and improper motion for alternative service. The main difference in this action is that is bared under the prior pending action doctrine and as Defendant alleged—in his pending appeal—it has been adjudicated on the merits.

**WHEREFORE**, Defendant respectfully requests that this Court dismiss this action for lack jurisdiction under Rule 5(g), of RPEA and/or ARCP Rule 41(a)(1)(B), et. seq., and grant Defendant any other relief that is equitable and just.

Respectfully submitted on this 11 day of August, 2017.


By, Ivaylo Dodev, Defendant in *Pro Per*
c/o 6312 S 161st Way
Gilbert, Arizona 85298
(480) 457-8888

## CERTIFICATE OF SERVICE

ORIGINAL of the forgoing, are hand-delivered, to the Clerk's Office of the Superior Court of the State of Arizona, County of Maricopa, 201 W. Jefferson St, Phoenix, AZ 85003, and filed on the record this 11th day of August, 2017.

FURTHER, a copy of the foregoing is hand-delivered to Hon. Comm. David Garbarino office at the East Court Building of the Superior Court of the State of Arizona, this 11th day of Agust, 2017.

FURTHER, a copy of the foregoing is electronically mailed to counsel for Plaintiff Bank of New York Mellon Ross Mumme.

Ivaylo Dodev
6312 South 161st Way, Gilbert, Arizona
(480) 457-8888 Phone
(480) 457-8887 Fax

1  Ross M. Mumme, Esq. (029956)
   **McCARTHY HOLTHUS, LLP**
2  8502 E. Via De Ventura, Suite 200
3  Scottsdale, Arizona 85258
   (480) 265-4002
4  rmumme@mccarthyholthus.com
5  Attorneys for Plaintiff

6  **IN THE SUPERIOR COURT OF THE STATE OF ARIZONA**
   **IN AND FOR THE COUNTY OF MARICOPA**
7

8  Bank of New York Mellon, f/k/a Bank of New     No. CV2017-009322
   York, as Trustee, on behalf of the registered
9  holders of Alternative Loan Trust 2007-OA7,    **MOTION FOR JUDGMENT ON**
   Mortgage Pass-Through Certificates, Series     **THE PLEADINGS AND RESPONSE**
10 2007-OA7, its assignees and/or successors,     **TO DEFENDANT'S MOTION TO**
11         Plaintiff,                             **DISMISS**
12         vs.
                                                  (Assigned to the Commissioner David Garbarino )
13 Ivaylo T Dodev, husband and wife, and DOES
14 1-10, inclusive
15         Defendants.

16        Plaintiff, Bank of New York Mellon, f/k/a Bank of New York, as Trustee, on behalf of the

17 registered holders of Alternative Loan Trust 2007-OA7, Mortgage Pass-Through Certificates,

18 Series 2007-OA7, its assignees and/or successors, by and through its undersigned counsel,

19 pursuant to Rule 9(d), Arizona Rules of Procedure for Eviction Actions, hereby submits the

20 following Motion for Judgment on the Pleadings.  This Motion is supported by the following

21 Memorandum of Points and Authorities.

22
23              **Memorandum of Points and Authorities**

24 **I.    Factual Background.**

25        On or about 02/08/2016, Plaintiff became the lawful owner of the real property located at
26
   6312 S 161st Way Gilbert,  AZ 85298 (the "subject property") when Plaintiff purchased the

AZ-17-112782                                1

1  property at a trustee's sale.  On or about June 30th, 2017, Plaintiff's counsel sent by certified and

2  regular mail, a letter demanding Defendants to vacate the subject property within 5 days or

3  provide proof that they were entitled to the protection of federal law.  On  July 12, 2017 as a

4  result of the Defendants' failure to vacate, Plaintiff filed its Complaint.[1]

5

6  **II.    The Only Proper Issue In An Eviction Action Is The Right To Actual Possession. The Issues Raised By Defendants Are Not Valid Defenses To A Forcible Entry And Detainer Action.**

7

8       In Arizona the limited scope of a forcible entry and detainer action has been statutorily

9  defined.  A.R.S. § 12-1177(A) states, in relevant part, as follows: "On the trial of an action of

10  forcible entry or forcible detainer, the *only* issue shall be the right of *actual possession* and the

11  *merits of title shall not be inquired into*."  In *Curtis v. Morris,* 184 Ariz. 393, 909 P.2d 460, 462

12  (App. 1995), affirmed by our Supreme Court in *Curtis v. Morris,* 186 Ariz. 534, 925 P.2d 259

13  (Sup. Ct. 1996), the Court stated that the "Plain statutory language [of A.R.S. § 12-1177(A)]

14  prohibits inquiry into the validity of title in a FED action."  For over 60 years this rule has been

15  followed.

16       In *Curtis,* the Court cited with approval *Old Brothers Lumber Co. v. Rushing,* 64 Ariz.

17  199, 167 P.2d 394 (Sup. Ct. 1946).  In *Rushing,* the Supreme Court stated: "[T]he statutes of this

18  state make that very plain and indicate quite clearly that the right to actual possession is the only

19  issue to be determined in such an action." *Id.,* p. 397.  The Court also discussed the legislative

20  intent in limiting the scope of a forcible entry and detainer action.

21

22       [T]he object of a forcible entry and detainer action is to afford a summary, speedy and adequate remedy for obtaining possession of premises withheld by tenants, and for this reason this objective would be entirely frustrated if the defendant were permitted to deny his landlord's title, or to interpose customary and usual defenses permissible in the ordinary action at law. For this reason counterclaims, offsets and

23

24

25

26

---

[1] See 5-Day Notice, attached hereto as EXHIBIT "A."

AZ-17-112782

cross complaints are not available either as a defense or for affirmative relief in such action, as indicated by our statutes and the statutes of most states. And for the same reason, the merits of the title may not be inquired into in such an action, for if the merits of the title and the other defenses above enumerated were permitted and the court heard testimony concerning them, then other and secondary issues would be presented to the court and the action would not afford a summary, speedy and adequate remedy for obtaining possession of the premises.

Furthermore, A.R.S § 33-811(B) states that "[t]he trustee's deed shall raise the presumption of compliance with the requirements of the deed of trust and this chapter relating to the exercise of the power of sale and the sale of the trust property." In addition, the issuance of a Trustee's Deed to a purchaser of trust property is **conclusive evidence** that the statutory requirements for sale were satisfied. A.R.S §33-811(A); *See also, Triano v. First American Title Ins. Co. of Ariz.* 131 Ariz. 581-643 P2d 26 (Ariz. App. 1982) (Emphasis Added).

To the extent Defendant is arguing that Plaintiff lacks standing to file this Complaint, this argument lacks merit. Pursuant to A.R.S. § 12-1173.01(A), "a person...who retains possession of any land, tenements or other real property after he receives written demand of possession may be removed through an action for forcible detainer..." A.R.S. § 12-1173.01(A)(2) permits a forcible detainer action against one who retains possession of the real property after "the property has been sold through a trustee's sale under a deed of trust...." Plaintiff purchased the subject property at a trustee's sale and Defendants, despite receiving a written demand, failed to vacate the subject property. Accordingly, Plaintiff had standing to bring a forcible detainer action pursuant to A.R.S. § 12-1173.01(A)(2).

III.    **Defendant Has Failed to File an Answer to Complaint**    *Wrong*

Defendant was informed by the Court on August 10th, 2017 that the deadline to file an Answer in this action, was August 11th, 2017. To date, Defendant has filed no answer, has presented no defense to Plaintiff's Complaint or the allegations contained therein and in fact has

AZ-17-112782

3

1   admitted that he intends to present no defense to the merits of the Complaint by exclaiming

2   "he…is not doing in this motion" (Defendant's Motion to Dismiss P 2, lines 9-10).  Any answer

3   filed after August 11th, 2017 would be untimely and is hereby objected to as such.  Specifically,

4   Plaintiff objects to Defendant's attempt to preserve his right to "address the merits of the

5   Complaint" (Defendant's Motion to Dismiss P 2, line 9), as an impermissible attempt to extend

6   this court's very clear deadline to file an Answer by August 11, 2017.  Defendant's failure to file

7   an Answer operates as an admission of Plaintiff's Complaint and all the allegations contained

8   therein.  Defendant, rather than filing an Answer, filed a Motion to Dismiss on August 11, 2017.

9   This motion is Defendant's second motion to dismiss, the first having been made orally at the

10  Initial Appearance on August 10, 2017.  Defendant's first motion to dismiss was denied by the

11  Court and Defendant raises the same arguments in this subsequent motion.  In response to

12  Defendant's Motion to Dismiss, Plaintiff makes the following allegations and assertions.

13  **IV.    Prior Pending Case Doctrine Not Applicable to This Case**  *Wrong*

14      Defendant, both orally at the Initial Appearance and again in his written Motion to Dismiss,

15  attempts to assert the Prior Pending Case Doctrine ("PPCD") to argue that this Court lacks

16  jurisdiction to hear this matter.  The PPCD does not apply in this action because there is no

17  applicable prior pending case before any court.  Further, the PPCD exists to prevent Plaintiffs

18  from bringing multiple suits when one suit to adjudicate all claims, would be more appropriate.

19  *See Haytian Republic*, 154 U.S. 118, 124 (1894) (superseded on other grounds).  *See Also*

20  *Williams v. Williams*, 32 Ariz. 164, 174.  The Supreme Court in *Haytian Republic*, goes on to

21  explain, by quoting *Stark v. Starr*, 94 U.S. 477, 485, that "it is undoubtedly a settled question that

22  a party seeking to enforce a claim legal or equitable must present to the court, either by the

23  pleadings or proofs, all the grounds upon which he expects a judgment in his favor.  He is not at

1    liberty to split up his demand and prosecute it by piecemeal, or present only a portion of the

2    grounds upon which special relief is sought, and leave the rest to be presented in a second suit, if

3    the first fail." In *Williams,* 32 Ariz. 164, 174, the Court found that "The estoppel extends only to

4    the exact point raised by the pleadings and decided, and does not operate as a bar to a second suit

5    on other claims or issues," and that "It is against public policy to split a cause of action and to

6    make two or more suits of it when one is sufficient." *Williams* at 168.   The United States and

7
8    Arizona Supreme Courts, respectively, both identify an important public policy concern not

9    present in the instant case, which is that it would be unjust for plaintiffs to fragment their claims

10   into multiple suits, leaving defendants to defend multiple suits at the same time or having to

11   defend one claim after another, when the circumstances giving rise to those claims stem from the

12   same events and ought to be adjudicated at the same time.  Defendant is not being asked to defend

13
14   fragmented litigation or to divert his energy or efforts away from one suit, to defend another, or to

15   defend differing claims arising from the same cause of action, in rapid succession.     The prior

16   case that Defendant asserts should abate the instant action is CV2017-002670, a case that was

17   dismissed *without* prejudice.   Defendant has appealed the dismissed case to the Arizona Court of

18   Appeals, case number 1 CA-CV 17-0401.  This appeal was dismissed *Sua Sponte* by the Court of

19   Appeals on August 2, 2017 because the Court of Appeals lacks jurisdiction over cases that are

20
21   dismissed without prejudice *Garza v. Swift Transp. Co., Inc.*, 222 Ariz. 281, 284, ¶ 15, 213 P.3d

22   1008, 1011 (2009); *L.B. Nelson Corp. of Tucson v. W. Am. Fin. Corp.*, 150 Ariz. 211, 217, 722

23   P.2d 379, 385 (App. 1986).  Defendant argues that the PPCD divests this Court of jurisdiction

24   until such time as his appeal in CV2017-002670 is exhausted, presumably through petition to the

25   United States Supreme Court.  This argument is flawed for two primary reasons: 1) As stated

26   Supra, there are currently no applicable pending cases before any court, between the parties.  2)

AZ-17-112782

5

1    Assuming arguendo that there is a pending case in either CV2017-002670 or the appeal of that

2    case, these matters would only be pending at Defendant's behest.   A party Invoking the PPCD

3    cannot be the party who caused the prior pending case.   As mentioned Supra, the purpose of the

4    PPCD is to save defendants from defending actions on multiple fronts.   Plaintiff herein is

5
      pursuing only one action against Defendant, and it is the present action.
6
7          Our Supreme Court, in *Curtis v. Morris*, made explicitly clear that "On the trial of an action

8    of forcible entry or forcible detainer, the ***only*** issue shall be the right of ***actual possession*** and the

9    ***merits of title shall not be inquired into***."  The issue before the Court of Appeals in Defendant's

10   appeal is not relating to the right of actual possession, but a separate issue altogether, regarding

11   dismissal with, versus dismissal without, prejudice.   The issue before the Court in CV2017-

12   002670 is not relating to the right of actual possession, but rather is regarding the imposition of

13   sanctions on Plaintiff's counsel and Defendant's pursuit of costs.   Defendant's reliance on

14   *Ghadimi v. Soraya*, 230 Ariz. 621, for the proposition that these "pending" issues in CV2017-

15   002670 invoke the PPCD is misplaced.  In *Ghadimi*, the court ruled that when an action involving

16   multiple claims, or an action against multiple parties does not contain Rule 54(b) language, it

17   cannot be considered a final appealable order and that issues such as an award of costs and

18   attorneys' fees can be considered "multiple claims" in the Rule 54(b) context.   If this argument is

19   accepted to show that CV2017-002670 is still pending, that would not invoke the PPCD because

20   the "pending" issues are not related to the right of actual possession and further, Defendant's

21   appeal would be a nullity if in fact it was found that CV2017-002670 is still "pending" as defined

22   by *Ghadimi*.

23

24        *Curtis v. Morris* ruled that concurrent actions are permissible when the two actions, as here,

25   present different issues. *Curtis* at 534 (affirming the appellate court's reasoning).  The PPCD, in

26

1    order to be applicable, requires "the same parties...the same rights asserted and the same relief

2    prayed for. [The] relief must be founded on the same facts, and the...essential basis of the relief

3    sought, must be the same." *Haytian Republic* at 124 (quoting *Watson v. Jones*, 13 Wall. 679).

4    And it cannot be emphasized enough that Defendant is the driving force behind the two cases that

5    he claims are "pending" against him, making the PPCD truly inapplicable.

6    Defendant's citation to *Washington Street Corp. v. Lusardi*, 976 F.2d 587, *Kline v. Burke*

7

8    *Constr. Co.*, 260 U.S. 226, *Mach-Tronics, Inc. v. Zirpoli*, 316 F.2d 820, *Forst v. Intermountain*

9    *Bldg. & Loan Ass'n*, 49 Ariz. 246, *Chapman v. Deutsche Bank Nat'l Trust Co.*, 651 F.3d

10   1039, *Penn Gen. Casualty Co. v. Pennsylvania*, 294 U.S. 189, is all in reference to the

11   Prior Exclusive Jurisdiction Doctrine ("PEJD"). This authority can be easily dispensed

12

13   with because the PEJD applies only to disputes between a federal or state court's jurisdiction

14   over a particular res. It is undisputed that there is no pending federal court case competing for

15   jurisdiction with this Court.

16

17   Defendant's appeal and his Motion for Sanctions in CV2017-002670 can continue

18   independently of the instant case and do not invoke the PPCD or the PEJD.

19   **V.    Plaintiff Adequately Demonstrated Impracticability in Serving Defendant**

20   Defendant asserts that Plaintiff failed to demonstrate impracticability in moving the Court for

21   alternative service. This is simply not true. Defendant makes this argument because it worked

22   for him in the past. CV2017-002670 was dismissed because the Court in that case found an

23

24   insufficient showing of impracticability to warrant service by alternative means. Somewhat

25   understandably, Defendant attempts again to make the same arguments that worked for him then.

26   Where Defendant errs is in applying the same argument to very different facts. In CV2017-

7

1   002670 there were three service attempts made before moving the Court for alternative service.

2   *Ariz. Real Estate Inv., Inc. v. Schrader*, 244 P.3d 565 (CA Div. 1. 2010), upon which Defendant

3   relies, found that a process server's affidavit that is silent as to whether more than one service

4   attempt was made, and that was silent as to whether there were any impediments to or evasion of

5   personal service, was an inadequate showing of impracticability.  In the case at bar, we have a

6   process server's affidavit that clearly details five separate service attempts on five different days,

7   all at varying times of the day.  The affiant/process server even indicates "I believe that the

8   subject(s) are definitely avoiding service."[2]  Further, *Schrader* does not provide an exhaustive list

9   of the due diligence that must be performed in order to adequately show impracticability.  Rather,

10  it arguably reserves that determination to the Trial Court to make decisions on a case-by-case

11  basis.  Finally, a reading of *Schrader* suggests that the Plaintiff in that case did not move for and

12

13  the court did not order Alternative Service, but instead, that "the superior court *appeared* to fall

14  back on its authority, under Rule 4.1(m), to authorize alternative methods of service."  *Schrader*

15  at 567.  The quoted language, as well as the facts and procedural history in the *Schrader* opinion

16  indicate that the Defendant therein was served in accordance with the rules governing service in

17

18  *Special* detainer actions, which is post and mail service, when he in fact should have been served

19  in accordance with Rule 4.1, being that the case was a *forcible* detainer action, as the instant case.

20  Of course, Rule 4.1, by way of sub-part (k), authorizes Alternative Service when traditional

21  means of service are impracticable.

22

23      Defendant makes much of Plaintiff's Counsel's purported statements at the initial hearing

24  regarding his understanding of the methods by which the process server attempted service.

25  Counsel noted clearly on the record and reiterates herein that at the time of the Initial Appearance,

26

---

[2] Affidavit of Non-Service filed with the Court on July 17, 2017 and attached hereto as EXHIBIT "B."

AZ-17-112782

counsel was unaware of the specifics of process server's methods of attempting service and would need to ask the process server directly.  Since the Initial Appearance and after having spoken with process server Mark Wolkos (MC-8672), it has been verified and it will be process server Mark Wolkos's testimony at trial should a trial be necessary in this case, that the service attempts were made by knocking on the front door to the property located at 6312 S. 161st Way, Gilbert, AZ 85298.  Plaintiff's service attempts comport with *Schrader* as evidenced by the affidavit of process server Mark Wolkos and in part by Defendant's knowledge of and presence at the Initial Appearance.  It is clear that Defendant was fully apprised of the pending action, which, as pointed out by Defendant by his citation to *Safeway Stores Inc. v. Ramirez*, 99 Ariz. 372, is the purpose of providing service.  *never happend*

## VI.    RULE 41(a)(1)(B) is Not Applicable in Eviction Actions

Defendant continues to assert that Rule 41(a)(1)(B) of the Arizona Rules of Civil Procedure applies in eviction actions, despite the Court's ruling to the contrary in CV2017-002670. Defendant has appealed this issue to the Arizona Court of Appeals Division 1 and the Court of Appeals has dismissed his appeal.  Defendant testified at his Initial Appearance in the instant case that the Court in CV2017-002670 verbalized to him that he has a high likelihood of success on appeal as to his Rule 41(a)(1)(B) argument.  This assertion is simply not supported by the record. The Court's minute entry in CV2017-002670, dated May 11th, 2017 clearly states, after finding in favor of Defendant on the impracticability of service issue, that: "The Court further finds that the remaining grounds offered in support of Defendant's Motion to be without sufficient factual and/or legal basis for the relief requested."  The "remaining grounds" that the Court makes reference to include Defendant's Rule 41(a)(1)(B) argument.  The Court's minute entry goes on to state: "This Court finds that Plaintiff did address the Court's minute entry, dated April 25,

2017, citing the case of Sotomayor v. Sotomayor-Munoz, which states "the rules of civil procedure do not apply in eviction actions unless specifically incorporated by reference. Rule 9(h) does not specifically incorporate by reference a rule(s) of civil procedure."[3]  The Court's minute entry dated April 25, 2017 directed Plaintiff to provide the Court with case law to support its contention that the Rules of Civil Procedure are not applicable in eviction actions, which Plaintiff did by presenting the Court with *Sotomayor v. Sotomayor-Muñoz*, 239 Ariz. 288, 290.[4]  Defendant's representations to the Court at the Initial Appearance, regarding the efficacy of his Rule 41(a)(1)(B) argument, were disingenuous at best.

## VII.    Conclusion.

Defendant has failed to timely Answer the Complaint in this case.  Defendant has presented no legal theories in defense of this action and has refused to answer to the merits of Plaintiff's case despite his right to do so being made abundantly clear by this Court.  There is no prior pending case before any Court that would require abatement of the instant case and service by alternative means was appropriate in this case as it was impracticable for Plaintiff to serve Defendant by traditional means.  For the reasons set forth above, Plaintiff is entitled to judgment as a matter of law.

**WHEEREFORE**  Plaintiff requests that the Court grant Plaintiff's Motion for Judgment on the Pleadings and that the Court deny Defendant's second Motion to Dismiss. In addition, Plaintiff requests an award of attorney's fees and costs pursuant to A.R.S. § 12-1178(A).

//

//

---

[3] See **EXHIBIT "C"**
[4] See **EXHIBIT "D"**

AZ-17-112782

1 | //

2                        DATED August 14 , 2017

3                        **MCCARTHY HOLTHUS, LLP**

4

5                        Ross M. Mumme
                         8502 East Via De Ventura, Suite 200
6                        Scottsdale, Arizona 85258
                         Attorneys for Plaintiff
7

8

9

**ORIGINAL** of the foregoing
10 **Filed** with the Clerk of the Court on this 14 day of August, 2017.

11

12 **COPY** of the foregoing
**Mailed and emailed** on this 14 day of August, 2017.

13

14 Ivaylo T Dodev
Or Current Occupant
15 6312 S 161st Way
Gilbert, AZ 85298
16 dodev@hotmail.come
Defendants
17

18

19

20

21

22

23

24

25

26