MICHAEL K. JEANES, CLERK
RECEIVED CCB
DOCUMENT DEPOSITORY

17 AUG 16 AM 11:30

R E C E I V E D

AUG 1 6 2017

DAVID W. GARBARINO
SUPERIOR COURT COMMISSIONER

Ivaylo Dodev,

c/o 6312 South 161st Way
Gilbert, Arizona
(480) 457-8888 Phone
(480) 457-8887 Facsimile
dodev@hotmail.com

*Pro Per, by Special Appearance*

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
## IN AND FOR THE COUNTY OF MARICOPA

| | |
|---|---|
| Bank of New York Mellon,<br><br>                    Plaintiff,<br><br>v.<br><br>Ivaylo Dodev,<br><br>                    Defendant. | Case No.  CV2017-009322<br><br>**REPLY TO PLAINTIFF'S MOTION FOR JUDGMENT ON THE PLEADINGS AND RESPONSE TO DEFENDANT MOTION TO DISMISS**<br><br>BY SPECIAL APPEARANCE<br><br>**(Hon. David Garbarino)** |

**COMES NOW** Ivaylo Dodev ("Defendant"), in *pro per*, under the above captioned case, <u>by special appearance, not to be construed as a general appearance</u>, without waiving any rights, remedies or defenses, with his Reply to the above-captioned Plaintiff's Motion (the "Motion"), and in support thereof, Defendant provides the following Memorandum of Points and Authorities submitted herein and made part hereto.

1 | Reply to Plaintiff Motion for Judgment on the Pleadings

## MEMORANDUM OF POINTS AND AUTHORITIES

I. **In his Motion Counsel Errs by Alleging That Defendant Did Not Answer The Complaint**

In his Motion, pp 3-4, Counsel alleges that Defendant has failed to file an answer to the complaint, while the record unambiguously shows that Defendant filed an answer on August 11, 2017 [as Ordered] under Rule 9(e) of the Arizona Rules of Procedures for Eviction Actions ("RPEA"), reading in pertinent part: "Motions to Dismiss. In response to either a complaint or a counterclaim, a party may make a motion to dismiss some or all of the claims." In light of the facts and the jurisdictional challenges presented in Defendant's Motion to Dismiss, an answer—attacking the merits of the complaint—will be counterintuitive. See *Kline v. Kline*, 221 Ariz. 564, 569, 212 P.3d 902, 907 (Ct. App. 2009) (A party has made a general appearance when he has taken any action, other than objecting to personal jurisdiction.)

II. **The Arguments Raised by Counsel About The Right to Actual Possession Cannot be Addressed by Defendant**

Defendant alleged in his Motion to Dismiss for Lack of Jurisdiction that this Court is divested from jurisdiction to hear this instant matter. Therefore, arguing the merits of the complaint, while his motion is still pending, is improper and premature at this stage, under the cornucopia of case law submitted in his motion. (Incorporated herein by this reference.)

2 |Reply to Plaintiff Motion for Judgment on the Pleadings

### III.  Counsel's Allegations that the Prior Pending Case Doctrine is Not Applicable to this Case are Erroneous

It is an <u>undisputed fact</u> that Counsel ignored this doctrine and filed this <u>unripe for prosecution action</u> about 3 weeks <u>prior</u> to the dismissal of the appeal, derived from a previous eviction action, under the same claims and the same parties. The Prior Pending Action Doctrine ("PPAD") was applicable at the time of the case's inception and is applicable today because there is no final unappealable court order.

Defendant Petition for Review on the Order Dismissing the Appeal, under Rule 23, ARCAP is due on or about September 2, 2017, wherefore the appeal is <u>ongoing and active</u>, notwithstanding the Appellant's Court Order of Dismissal. The Oder of Dismissal will be final upon issuing of the Mandate (after September 2, 2017) <u>if</u> Appellant waive his right for Petition for Review or upon the denial of said petition by the Arizona Supreme Court. This was explained to Counsel for Plaintiff during a phone conversation, held on June 28, 2017, between him and Defendant. Apprised and fully aware of the PPAD, Counsel filed yet a fourth eviction action, intending to rely on a default judgment against Defendant based on a contested Affidavit of Attempted Service. (*See* Defendant's Motion to Dismiss.)

The cases presented in Counsel's Motion on PPAD are similar to the cases in Defendant's Motion to Dismiss and do not in any way contradict Defendant's rendition on the PPAD, contrarily they support it. (*See* PP 4-7 of Motion.)

The only illicit and fallacious argument Counsel asserts is: "Assuming arguendo that there is a pending case in either CV-2017-002670 or the appeal of that case, these matters would only be pending a Defendant's behest. A party invoking the PPCD cannot be that party who caused the prior pending case." (Motion P 6.) In layman words, Counsel alleges that Defendant should not have the right to defend himself from the wrongly commenced 3rd—prior to this 4th— action; all dismissed in his favor. None of the cited case law supports such a vexatious assertion, and the record unequivocally shows that the purported Plaintiff commenced all four eviction actions and that all that Defendant has ever done is defend his interest in the subject property. Respectfully, he "cannot be the party causing the prior pending case." (Motion P 6, Ln 3.)

Moreover, it appears that Counsel is blaming Defendant for Counsel's flagrantly violating RPEA 4(e)(1)(2) and Court's Order [ME 4/5/2017] by abandoning the CV-2017-002670 case prior to a final order dismissing said action in favor of Defendant and during an appeal in order to commence this new pernicious action. (See the fully briefed Motion to Sanction Counsel, CV-2017-002670.)

4 |**Reply to Plaintiff Motion for Judgment on the Pleadings**

## IV.    Plaintiff did not Demonstrate Impracticability of Service

The fact that Defendant was out of town or out of the subject property during the alleged service attempt does not demonstrate impracticability under any presiding case law in Arizona. The Affidavit of Attempted Service, to which Defendant referred as fraudulent and misrepresenting [*See* Motion to Dismiss], does not establish any evasion, impracticability, inaccessibility, impediment, dangers or entrapments to the process server and/or restrains to his/her ability to access the residence by fence, dogs or otherwise, which might be a ground for the untimely request for alternative service. Mere allegations "that the subject(s) are definitely avoiding service" [Motion P 8] are not sufficient for request of alternative service, especially when Defendant testified in court that on that very date he was home with his garage door open. (Pertinent Facts from the Initial Hearing ¶ 7.)

A process server needs to rely on information and belief in order to make a statement such as this. Convincing information and belief would be if the process server had witnessed slamming of doors, TV turning on and off, hearing voices, etc. Considering the discrepancies of testimonies, between Defendant and the process server, this Court ought to conduct an evidentiary hearing, as one of the parties is clearly egregious and/or maliciously misrepresents the facts.

5 |Reply to Plaintiff Motion for Judgment on the Pleadings

Further, the Affidavit of Attempted Service does not address any good faith effort to locate Defendant, such as waiting in front of his abode, contacting neighbors, trying to locate him at work, reaching him via a phone in order to establish when he will be back in town or in his home in order to effectuate service. Once again, the mere asserting of so many linear attempts to serve Defendant without establishing due diligence does not satisfy the standard of impracticability pursuant to Rule 4.1(m) of ARCP. *See Ariz. Rel. Estate Inv., Inc. V. Schrader*, 244 P.3d 565 (CA Div. 1. 2010) and *Blair v. Burgener*, 226 Ariz. 213, 215–16, 245 P.3d 898, 900–01 (Ct. App. 2010).

Plaintiff already brought these arguments under the pending 3rd eviction action and lost when the Hon. Comm. Barth asked for a case law that will establish that certain service attempts will establish impracticability.

> IT IS ORDERED granting Defendant's Motion to Dismiss on the ground that <u>Plaintiff failed to demonstrate that personal service was impracticable</u> and, therefore, alternative service by posting and mail was insufficient.

ME 5/11/2017 CV-2017-002670. Defendant only brings the same arguments regarding Plaintiff's failure to establish impracticability that were successful in the previous case because Plaintiff has not learned from its mistake and repeats it in this fourth action.

/// /// ///

/// /// ///

6 |Reply to **Plaintiff Motion for Judgment on the Pleadings**

### V.   The Applicability of Rule 41(a)(1)(B) of ARCP is Properly Alleged in Defendant Motion to Dismiss for Lack of Jurisdiction.

Defendant has established in his Motion to Dismiss that Plaintiff has already voluntarily dismissed this same case twice before under ARCP Rule 41, and that the second dismissal was thus with prejudice. Upon notice of adjudication on the merits, this Court has the duty to dismiss this action *sua sponte*. When a court "lacks subject-matter jurisdiction, the court must dismiss the complaint, *sua sponte* if necessary." *Pistor v. Garcia*, 791 F.3d 1104, 1111 (9th Cir. 2015).

Rule 41(a)(1) applies not only when the voluntary dismissal is against all defendants but when the action is brought against the individual defendant's privy, as long as it is under the same claim. *See Western Radio Servs. Co. v. Glickman,* 123 F.3d 1189, 1192 (9th Cir. 1997), cited herein below.

The next question is the status of the notice itself in dismissing a case. Defendant/Appellant raises the question at hand in order to avoid any confusion or misguided allusions to the fact that one of the previous eviction actions was dismissed by an Order of the Trial Court (See CV2016-004500), after Plaintiff filed a notice for voluntary dismissal under ARCP Rule 41(a)(1)(B) and Defendant filed his objection to the dismissal.

The same question was raised before the Nine Circuit Court of Appeals for the first time in 1999, and court ruled that:

7 |Reply to Plaintiff Motion for Judgment on the Pleadings

> Th[e] [filing of notice] itself closes the file. There is
> nothing the defendant can do to fan the ashes of that
> action into life and the court has no role to play. This is a
> matter of right running to the plaintiff and may not be
> extinguished or circumscribed by adversary or court.
> There is not even a perfunctory order of court closing the
> file. Its alpha and omega was the doing of the plaintiff
> alone. He suffers no impairment beyond his fee for filing.

*Commercial Space Management Co. v. Boeing Co.*, 193 F.3d 1074 (9th Cir. 1999).

Further the Circuit Court ruled that:

> Because the dismissal is effective on filing and no court
> order is required, "[t]he filing of a notice of voluntary
> dismissal with the court automatically terminates the
> action as to the defendants who are the subjects of the
> notice." *Wilson,* 111 F.3d at 692. The effect is to "leave []
> the parties as though no action had been brought." *Id.*

Therefore, the fact that one of the eviction actions was dismissed with an Order of the Trial Court[1] has no bearing on Defendant's claim of *res judicata*, triggered by the two dismissal bar after the second notice was filed. Moreover, Hon. Comm. Michael Barth withdrew the Order dismissing action CV2016-004500.

> Upon further consideration, the Court recognizes that
> Rule 9(f), Rules of Procedure for Eviction Actions, is
> inapplicable because a Motion to Dismiss "in response to

---

[1] "Thus, it is beyond debate that a dismissal under Rule 41(a)(1) is effective on filing, no court order is required, the parties are left as though no action had been brought, the defendant can't complain, and the district court lacks jurisdiction to do anything about it." *Commercial Space Management Co. v. Boeing Co.*, 193 F.3d 1074 (9th Cir. 1999).

either a complaint or a counterclaim" is not equivalent to Plaintiff requesting voluntary dismissal of its Complaint, under Rule 41, Arizona Rules of Civil Procedure, inasmuch as such a request is not a "response" to another party's pleading. While Rule 1, Rules of Procedure for Eviction Actions states "the Arizona Rules of Civil Procedure apply when incorporated by reference," Rule 9(h), Rules of Procedure for Eviction Cases authorizes "other appropriate motions may be made by either party." Arguably, Rule 9(h) is incorporating in reference motions authorized by Rules of Civil Procedure by the language "appropriate motions." That would include motions authorized by Rule 41, Arizona Rules of Civil Procedure.

Indeed, the Plaintiff in this case filed such motion/notice in both CV2016-004500 and CV2016-054110 against Defendants, and now upon Defendant making a motion to dismiss under the same Rule, Plaintiff asserts its inapplicability. The unfairness of this position is obvious.

ME 4/25/17, CV 2017-002670

## VI.   Arizona and Other Jurisdictions Have Found That Res Judicata Under Rule 41 Applies to Eviction Action

Courts in Arizona and other jurisdictions that have also codified special proceeding rules and statutes for eviction actions, and have rules similar to ARCP Rule 41, have found that voluntary dismissal rule applies to eviction actions. *See Volpert v. Papagna*, 83 Nev. 429, 434, 433 P.2d 533, 536 (1967) ("The first unlawful detainer suit was voluntarily dismissed by the lessors pursuant to NRCP 41(a)(1) . . . The plaintiffs had the right to dismiss."); *Triune Family Charitable Remainder Unitrust v. Pfeifer*, 157 Wash. App. 1045 (2010) (Considering the argument that "the special proceedings provided in unlawful

detainer statutes supersedes general court rules to the extent they are inconsistent" and finding instead that "in general, voluntary dismissal without prejudice under CR 41(a)(1)(B) is available in unlawful detainer actions even though they are special proceedings."); *Zaisan Enterprises LLC v. Green Tree Servicing, LLC*, 389 P.3d 1036 (Nev. 2017) ("Appellant has provided a copy of a notice of voluntary dismissal pursuant to NRCP 41, filed in the district court on January 20, 2017, dismissing the eviction claim against Laura Atias.")

These courts have also applied other parts of their respective Rule 41 to the eviction proceedings after the voluntary dismissal. See *Volpert*, 83 Nev. At 434, 433 P.2d at 536 (Discussing the application of NRCP 41(d) after voluntary dismissal under NRCP 41(a)(1)); *Triune Family*, 157 Wash. App. 1045 at *7 (Applying part CR 41(a)(4). "On the other hand, CR 41(a)(1)(B) allows a plaintiff to voluntarily dismiss a suit at any time before resting its case, without good cause shown. The dismissal is without prejudice unless otherwise stated in the order of dismissal. CR 41(a)(4).").

The Arizona Court of Appeals, has before reviewed an eviction case where the Appellant argued res judicata under ARCP 41(a)(1). In said case, Appellant's arguments were erroneous not because Rule 41 does not apply to evictions, but for lack of merits. The court found that "the superior court granted Federal's motion to dismiss [the eviction] without prejudice. *See* Ariz. R. Civ. P. 41(a)(1)

(permitting a plaintiff to voluntarily dismiss a complaint, without court order, "at any time before service by the adverse party of an answer or of a motion for summary judgment")" and that the defendant's subsequent attempted motion to dismiss was invalid. *Brosnahan v. Fed. Nat. Mortg. Ass'n*, No. 1 CA-CV 11-0709, 2012 WL 4963189, at *1 (Ariz. Ct. App. Oct. 18, 2012).

In *Graham v. Pavarini*, the Ohio Court of Appeals discussed in details the effect of prior dismissals in eviction proceedings, finding, like in the Arizona case above, that Rule 41 applied but the defendant's particular case had no merit. Ohio Revised Code reads nearly identical to ARCP Rule 41; in pertinent part the Code reads:

> [A]n action may be dismissed by the plaintiff without order of court (a) by filing a notice of dismissal at any time before the commencement of trial unless a counterclaim which cannot remain pending for independent adjudication by the court has been served by the defendant or (b) by filing a stipulation of dismissal signed by all parties who have appeared in the action. Unless otherwise stated in the notice of dismissal or stipulation, the dismissal is without prejudice, except that a notice of dismissal operates as an adjudication upon the merits when filed by a plaintiff who has once dismissed in any court, an action based on or including the same claim."

9 Ohio App. 3d 89, 93, 458 N.E.2d 421, 427 (1983).

/// /// ///

11 |Reply to Plaintiff Motion for Judgment on the Pleadings

In *Graham*, the "tenant argue[d] that dismissals of landlords' November and February suits constitute[d] "an adjudication upon the merits" pursuant to Civ.R. 41(A)(1)." The Ohio Court of Appeals concludes that:

> If each of those prior actions contained claims which are the subject of the present action, <u>termination of those actions by "notice of dismissal" would bar those claims as *res judicata*</u>. However, a review of the record demonstrates that none of tenant's contentions about the prior dismissals has merit.

*Graham*, 9 Ohio App. 3d at 94.

Contrarily to the action at bar, brought against Defendant—under the same claim, and voluntarily dismissed twice under Rule 41—in *Graham's* case the tenants were not barred from eviction action under the two-dismissal-rule because the actions brought against them were under different claims and were not dismiss voluntarily under Civ.R. 41(A)(1). *Id*. However, the Ohio Court of Appeals determined that ***res judicata* applies to eviction actions under Rule 41**.

## VII.    <u>At the Initial Hearing Defendant Alleged that this Instant Action is not Brought in Name of the Right Party of Interest[1]</u>

Defendant testified that he has been in contact with purported Plaintiff, The Bank of New York Mellon, and they do not claim any interest in the subject property. Counsel objected by saying that Defendant's property is probably held

---

[1] Rule 5(b)(1) of RPEA: "Complaint. The complaint shall: (1) Be brought in the legal name of the party claiming entitlement to possession of the property."

12 |Reply to Plaintiff Motion for Judgment on the Pleadings

by the servicer, which he believes is the Bank of America, not by the alleged Plaintiff.[1] Defendant objected by saying that after a foreclosure the property cannot and does not have a servicer, as there is no mortgage.

Further, Defendant expounded by saying that the Bank of America has denied any interest in his property (along with the purported Plaintiff). He referenced his Quiet Title action, where Bank of America was dismissed as defendant after proving on the record that they do not service Plaintiff's [Defendant in this instant action] mortgage or property and had no interest in it. *See* CV-13-02155-PHX-DLR.

This factual background from the initial hearing raises questions of fact and allegations of fraud by Defendant, as he alleges lack of good faith by Counsel under Rule 4(a) of RPEA.  Defendant further alleges that under the eviction rules, if not dismissed for lack of jurisdiction, this matter should be stayed prior to issuance and answering of a subpoena under Rule 10(d) of RPEA "Any party may request the issuance of a subpoena by the court to compel testimony and/or the production of documents".

As in every civil case, once challenged, Plaintiff has the burden of proof to show that the action is brought in the legal name of the party asserting the claim (party of interest). (The name of the company may only be used as plaintiff by

---

[1] Under Arizona law these are questions of fact, solely reserved for the jury.

13 |Reply to Plaintiff Motion for Judgment on the Pleadings

the direction of the company or its directors and [the] company's name will be struck out as plaintiff in any action instituted in its name without such authorization). This principle is illustrated by the case of *La Compagnie De Mayville v. Whitley,* 1 Ch. 788 (Eng. 1896), as applied by Arizona Supreme Court in En Banc decision. *See Gemstar Ltd. v. Ernst & Young,* 917 P. 2d 222 (Ariz. 1996). Defendant is within his legal right to subpoena Plaintiff to provide evidence that it is contractually authorized to operate for the Bank of New York Mellon.

**WHEREFORE,** Defendant respectfully requests that this Court dismiss this action for lack of jurisdiction under Rule 5(g), of RPEA and/or ARCP Rule 41(a)(1)(B), et. seq., or stay these proceedings in order to conduct an evidentiary hearing on the contested issues of service and allow Defendant to subpoena Plaintiff.

Respectfully submitted on this 16 day of August, 2017.

By, Ivaylo Dodev, Defendant in *Pro Per*
c/o 6312 S 161st Way
Gilbert, Arizona 85298
(480) 457-8888

14 |Reply to Plaintiff Motion for Judgment on the Pleadings

## CERTIFICATE OF SERVICE

ORIGINAL of the forgoing, are hand-delivered, to the Clerk's Office of the Superior Court of the State of Arizona, County of Maricopa, 201 W. Jefferson St, Phoenix, AZ 85003, and filed on the record this 16 day of August, 2017.

FURTHER, a copy of the foregoing is hand-delivered to Hon. Comm. David Garbarino office at the East Court Building of the Superior Court of the State of Arizona, this 16 day of Agust, 2017.

FURTHER, a copy of the foregoing is electronically mailed to counsel for Plaintiff Bank of New York Mellon Ross Mumme.

Ivaylo Dodev
6312 South 161st Way, Gilbert, Arizona
(480) 457-8888 Phone
(480) 457-8887 Fax

15 | Reply to Plaintiff Motion for Judgment on the Pleadings

Michael K. Jeanes, Clerk of Court
*** Electronically Filed ***
08/14/2017 8:00 AM

## SUPERIOR COURT OF ARIZONA
## MARICOPA COUNTY

CV 2017-009322                                    08/10/2017


COMMISSIONER DAVID W. GARBARINO          CLERK OF THE COURT
                                              L. Brown
                                              Deputy


BANK OF NEW YORK MELLON          ROSS M MUMME

v.

IVAYLO T DODEV                   IVAYLO T DODEV
                                 6312 SOUTH 161 WAY
                                 GILBERT AZ  85298


MINUTE ENTRY


Courtroom: ECB 813.

9:15 a.m.  This is the time set for Forcible Detainer Hearing.  Plaintiff Bank of New York Mellon is represented by counsel, Ross M. Mumme.  Defendant Ivaylo T. Dodev is present on his own behalf.

A record of the proceedings is made digitally in lieu of a court reporter.

Defendant claims that service in this matter was defective.

Discussion is held regarding Service of the Summons and Complaint.

Based upon the parties' arguments, the Court concludes that service was effective.

Defendant requests a trial by jury.

SUPERIOR COURT OF ARIZONA
MARICOPA COUNTY

CV 2017-009322

08/10/2017

The Court finds that Defendant has not identified a factual issue that would require a jury determination.

IT IS FURTHER ORDERED denying Defendant's request for a jury trial.

IT IS ORDERED setting this matter for trial to the Court on **August 17, 2017 at 10:00 a.m.,** in this division, East Court Building, 101 West Jefferson, Courtroom 813, Phoenix, AZ.

IT IS FURTHER ORDERED Defendant (or) Tenant shall file an Answer and pay an answer fee or file an Application for Waiver/Deferral of Fees with the Clerk of the Court **on or before August 11, 2017.** Failure to comply will result in a default of this matter in favor of Plaintiff. The parties shall file their lists of witnesses and exhibits with the Clerk of the Court **on or before August 14, 2017.** Any witnesses or exhibits not listed in the lists of witnesses and exhibits will be inadmissible at trial.

IT IS FURTHER ORDERED all documents filed shall be exchanged between the parties electronically the same day filed via fax, email, or hand delivery to avoid the mailing delay.

IT IS FURTHER ORDERED any and all dispositive motions shall be filed no later than **August 14, 2017** with any responses filed **on or before August 16, 2017.** Defendant may reassert his objection to service and argument that the prior dismissals without prejudice prevent prosecution of this case in a dispositive motion.

IT IS FURTHER ORDERED that if either party has exhibits to be marked, all exhibits shall be delivered (along with case #, what party the exhibits belong to and a brief description of each exhibit) to the division's clerk for marking **on or before August 14, 2017.** Exhibits shall be marked numerically and consecutively. **Do not skip numbers.** Numbers will not be skipped or saved in anticipation of additional exhibits to be submitted. Additional exhibits, if necessary, may be marked during the course of the hearing. Exhibits shall be separated by a colored sheet of paper with the exhibit number written on front. Each exhibit shall be clipped or bound if too large to be stapled.

10:05 a.m. Matter concludes.

**NOTE:** All court proceedings are recorded by audio and video method and not by a court reporter. Pursuant to Local Rule 2.22, if a party desires a court reporter for any proceeding in which a court reporter is not mandated by Arizona Supreme Court Rule 30, the party must submit a written request to the assigned judicial officer at least ten (10) judicial days in advance of the hearing, and must pay the authorized fee to the Clerk of the Court at least two (2) judicial days before the proceeding. The fee is $140 for a half-day and $280 for a full day.

SUPERIOR COURT OF ARIZONA
MARICOPA COUNTY

CV 2017-009322                                    08/10/2017

# Exhibit B

# Under Notice of Removal

Kim R. Lepore (SBN 019130)
klepore@wrightlegal.net
Jamin S. Neil (SBN 026655)
jneil@wrightlegal.net
**WRIGHT, FINLAY & ZAK, LLP**
16427 N. Scottsdale Road, Suite 300
Scottsdale, Arizona 85254
Telephone: (602) 845-8898
Facsimile: (949) 608-9142

Attorneys for *Plaintiff*
Bank of New York Mellon f/k/a Bank of New
York, As Trustee, on behalf of the Registered
Holders of Alternative Loan Trust 2007-OA7,
Mortgage Pass-Through Certificates, Series
2007-OA7

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

## IN AND FOR THE COUNTY OF MARICOPA

| | |
|---|---|
| BANK OF NEW YORK MELLON F/K/A BANK OF NEW YORK, AS TRUSTEE, ON BEHALF OF THE REGISTERED HOLDERS OF ALTERNATIVE LOAN TRUST 2007-OA7, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2007-OA7, its successors and/or assigns,<br><br>Plaintiff,<br><br>vs.<br><br>IVAYLO DODEV, NIKOLINA T. DODEV and DOES I through X, inclusive,<br><br>Defendants. | Case No. CV2016-004500<br><br>**NOTICE OF VOLUNTARY DISMISSAL**<br><br>8/15/16 |

**TO ALL INTERESTED PARTIES:**

**PLEASE TAKE NOTICE** that pursuant to Rule 41(a) of the Arizona Rules of Civil Procedure, *Plaintiff* Bank of New York Mellon f/k/a Bank of New York, As Trustee, on behalf of the Registered Holders of Alternative Loan Trust 2007-OA7, Mortgage Pass-Through Certificates, Series 2007-OA7, by and through counsel undersigned, hereby dismisses the above-captioned action without prejudice.

Defendants have not filed an answer or motion for summary judgment. Moreover, the Notice of Appeal filed on August 10, 2016, does not divest this Court of jurisdiction as the

1  appeal is not from a final judgment. See *Craig v. Craig,* 227 Ariz. 105, ¶ 13, 253 P.3d 624,

2  626 (2011) ("a notice of appeal filed in the absence of a final judgment . . . is 'ineffective' and

3  a nullity"), quoting *Smith v. Ariz. Citizens Clean Elections Comm'n,* 212 Ariz. 407, ¶ 39, 132

4  P.3d 1187, 1195 (2006).

5       Each party shall bear his/her/its own attorney fees and costs.

6       **DATED** this 11th day of August 2016.

7                         **WRIGHT, FINLAY & ZAK, LLP**

8

9                         */s/ Jamin S. Neil*

10                         JAMIN S. NEIL
                       Attorneys for *Plaintiff* Bank of New York

11                         Mellon f/k/a Bank of New York, As Trustee, on
                       behalf of the Registered Holders of Alternative

12                         Loan Trust 2007-OA7, Mortgage Pass-Through
                       Certificates, Series 2007-OA7

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**NOTICE OF VOLUNTARY DISMISSAL**

1  ORIGINAL of the foregoing
electronically filed via AZ Turbo Court
2  this 11th day of August 2016.

3  COPY of the foregoing hand-delivered
this 11th day of August 2016 to:
4

5  Hon. Michael Barth
East Court Building
101 W. Jefferson
6  Courtroom 812
Phoenix, AZ 85003
7

8  COPY of the foregoing emailed
this 11th day of August 2016 to:

9  Ivaylo Dodev
Nikolina T. Dodev
10  6312 S. 161st Way
Gilbert, Arizona 85298-8455
11  dodev@hotmail.com
Defendants *In Propria Persona*
12

13  /s/ Gretchen Grant
GRETCHEN GRANT
14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**NOTICE OF VOLUNTARY DISMISSAL**

1  Kim R. Lepore (SBN 019130)
   klepore@wrightlegal.net
2  Jamin S. Neil (SBN 026655)
   jneil@wrightlegal.net
3  **WRIGHT, FINLAY & ZAK, LLP**
   16427 N. Scottsdale Road, Suite 300
4  Scottsdale, Arizona 85254
   Telephone: (602) 845-8898
5  Facsimile: (949) 608-9142

6  Attorneys for *Plaintiff*
   Bank of New York Mellon f/k/a Bank of New
7  York, As Trustee, on behalf of the Registered
   Holders of Alternative Loan Trust 2007-OA7,
8  Mortgage Pass-Through Certificates, Series
   2007-OA7
9

10        **IN THE SUPERIOR COURT OF THE STATE OF ARIZONA**

11           **IN AND FOR THE COUNTY OF MARICOPA**

12  BANK OF NEW YORK MELLON F/K/A   | Case No. CV2016-504110
    BANK OF NEW YORK, AS TRUSTEE,
13  ON BEHALF OF THE REGISTERED
    HOLDERS OF ALTERNATIVE LOAN     | **NOTICE OF VOLUNTARY**
14  TRUST 2007-OA7, MORTGAGE PASS-   | **DISMISSAL**
    THROUGH CERTIFICATES, SERIES
15  2007-OA7, its successors and/or assigns,

16              Plaintiff,

17     vs.

18  NIKOLINA T. DODEV and DOES I
    through X, inclusive,
19
              Defendants.
20

21  **TO ALL INTERESTED PARTIES:**

22       **PLEASE TAKE NOTICE** that pursuant Rule 41(a) of the Arizona Rules of Civil

23  Procedure, *Plaintiff* Bank of New York Mellon f/k/a Bank of New York, As Trustee, on

24  behalf of the Registered Holders of Alternative Loan Trust 2007-OA7, Mortgage Pass-

25  Through Certificates, Series 2007-OA7, by and through counsel undersigned, hereby

26  dismisses the above-captioned action without prejudice.

27  /././

28  /././

                                    -1-
                  **NOTICE OF VOLUNTARY DISMISSAL**

1      Defendants have not filed an answer or motion for summary judgment. Each party

2 shall bear his/her/its own attorney fees and costs.

3      **DATED** this 11th day of August 2016.

4                             **WRIGHT, FINLAY & ZAK, LLP**

5

6                           */s/ Jamin S. Neil*

7                           JAMIN S. NEIL
                          Attorneys for *Plaintiff* Bank of New York

8                           Mellon f/k/a Bank of New York, As Trustee, on
                          behalf of the Registered Holders of Alternative

9                           Loan Trust 2007-OA7, Mortgage Pass-Through
                          Certificates, Series 2007-OA7

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-2-

1  ORIGINAL of the foregoing
   electronically filed via AZ Turbo Court
2  this 11th day of August 2016.

3  COPY of the foregoing mailed
   this 11th day of August 2016 to:
4
5  Nikolina T. Dodev
   6312 S. 161st Way
   Gilbert, Arizona 85298-8455
6  dodev@hotmail.com
   Defendant *In Propria Persona*
7

8  */s/ Gretchen Grant*
   GRETCHEN GRANT
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-3-
**NOTICE OF VOLUNTARY DISMISSAL**