NOT FOR PUBLICATION

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Bank of New York Mellon,<br><br>   Plaintiff,<br><br>v.<br><br>Ivaylo Tsvetanov Dodev, *et al.*,<br><br>   Defendants. | No. CV-17-02772-PHX-JJT<br><br>**ORDER** |

At issue is *pro se* Defendant Ivaylo Dodev's Notice of Removal (Doc. 1) and Application for Leave to Proceed in Forma Pauperis (Doc. 2). Because the Application indicates that Defendant does not have the funds to pay the Court's filing fees, the Court will grant the Application. However, the Notice of Removal does not contain a plausible allegation of this Court's jurisdiction, and the Court will therefore require the parties to file briefs regarding the amount in controversy in this matter.

Federal courts may exercise removal jurisdiction over a case only if subject matter jurisdiction exists. 28 U.S.C. § 1441(a); *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1116 (9th Cir. 2004). The removing party bears the burden of providing a signed notice of removal that contains a short and plain statement of the grounds for removal. 28 U.S.C. § 1446(a).

Federal courts have diversity jurisdiction over actions between citizens of different states where the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a). The Supreme Court has concluded that, under § 1446(a), "a

defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 554 (2014). "Evidence establishing the amount is required by § 1446(c)(2)(B) only when the plaintiff contests, or the court questions, the defendant's allegation." *Id.*

When a defendant's assertion of the amount in controversy is challenged, then "both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied." *Dart Cherokee Basin*, 135 S. Ct. at 554. The Ninth Circuit Court of Appeals has noted that the Supreme Court did not decide the procedure for each side to submit proof, leaving district courts to set such procedure. *See Ibarra v. Manheim Inv.*, 775 F.3d 1193, 1199-1200 (9th Cir. 2015) (citing *Dart Cherokee Basin*, 135 S. Ct. at 554). "[E]vidence may be direct or circumstantial," and "a damages assessment may require a chain of reasoning that includes assumptions." *Id.* at 1199. "When this is so, those assumptions cannot be pulled from thin air but need some reasonable ground underlying them." *Id.*

Here, Defendant's Notice of Removal does not meet the requirement of plausibly alleging that the amount in controversy exceeds the jurisdictional threshold of $75,000.[1] *See Dart Cherokee Basin*, 135 S. Ct. at 554. In its Complaint, Plaintiff alleges that it became the lawful owner of the property on which Defendant is living on February 8, 2016, and gave Defendant notice on June 30, 2017, to vacate the property by July 7, 2017. Plaintiff now seeks possession and the fair rental value of the property in a state law forcible entry and detainer action. Thus, the amount in controversy is not the "resale value of the home," as Defendant alleges in the Notice of Removal; indeed, Plaintiff does not seek such relief in its Complaint, because it alleges it already owns the property. Instead, the amount in controversy is the amount of rent Plaintiff could have collected if it had timely obtained possession of the property. Whether the Court considers the value

---

[1] The Notice of Removal also fails to state the citizenship of the parties, though Plaintiff's Complaint contains allegations that the parties are citizens of different states.

1  of rent from February 8, 2016 or July 7, 2017 onward, it is not plausible that the amount
2  in controversy is more than $75,000.

3        The Court will allow each side to present evidence of the amount in controversy
4  and then the Court will decide, by a preponderance of the evidence, if the $75,000
5  jurisdictional threshold is met. *See Ibarra*, 775 F.3d at 1199-1200. The Court notes that,
6  for purposes of demonstrating the amount in controversy for removal jurisdiction
7  purposes, the parties are limited to the claims they had raised at the moment Defendant
8  attempted to remove the action. *See Strotek Corp. v. Air Transp. Ass'n of Am.*, 300 F.3d
9  1129, 1131 (9th Cir. 2002) (stating that jurisdiction, including the amount in controversy,
10 is determined at the moment of removal).

11       IT IS THEREFORE ORDERED granting Defendant's Application for Leave to
12 Proceed in Forma Pauperis (Doc. 2).

13       IT IS FURTHER ORDERED that, by August 28, 2017, the parties shall each file a
14 brief not to exceed five pages and any evidence to demonstrate that the amount in
15 controversy in the action brought by Plaintiff in state court exceeds $75,000.

16       Dated this 18th day of August, 2017.

                                                */s/ John J. Tuchi*
                                    Honorable John J. Tuchi
                                    United States District Judge