1  Ross M. Mumme (029956)
   **McCARTHY ◆ HOLTHUS, LLP**
2  8502 E. Via de Ventura, Suite No. 200
   Scottsdale, Arizona 85258
3  Telephone: (480) 265-4002
   rmumme@mccarthyholthus.com
4  *Attorneys for Plaintiff*
   *Bank of New York Mellon*
5

6  **IN THE UNITED STATES DISTRICT COURT
   FOR THE DISTRICT OF ARIZONA**

7

8  Bank of New York Mellon,

        Case No. CV-17-02772-PHX-JJT

9       Plaintiff,

   v.        **MOTION TO REMAND**

10 Ivaylo Dodev,

11      Defendant.

12     Plaintiff, Bank of New York Mellon, by and through its undersigned counsel and

13 pursuant to 28 U.S.C § 1447, moves this court to remand this case to the Maricopa County,

14 Arizona Superior Court because (a) there is no federal question presented in the Complaint; (b)

15 Defendant Ivaylo Dodev ("Defendant") is a citizen of Arizona and accordingly cannot remove

16 this matter pursuant to 28 U.S.C. § 1441(b); and (c) the amount in controversy does not exceed

17 $75,000.00, as required by 28 U.S.C.A. § 1332. This Motion is supported by the attached

18 Memorandum of Points and Authorities.

19            **MEMORANDUM OF POINTS AND AUTHORITIES**

20     **I.    FACTUAL BACKGROUND**

21     On July 12, 2017, Plaintiff filed a Complaint in Maricopa County, Arizona Superior

22 Court against Defendants, No. CV2017-009322 (the "Complaint"), a copy of which is attached

23 as **Exhibit "A"**. The Complaint is an action for forcible entry and detainer pursuant to A.R.S.§§

24

1  12-1173 and 12-1173.01.  On or about February 8, 2016, Plaintiff became the lawful owner of
2  the real property located at 6312 S. 161st Way, Gilbert, AZ 85298 (the "Property") when Plaintiff
3  purchased the property at the Trustee's Sale.  On June 30, 2017, Defendants were provided notice
4  to vacate the Property. Defendant failed to vacate the Property.  Accordingly, Plaintiff filed its
5  Complaint.

## II. DEFENDANTS HAVE FAILED TO PROVIDE A VALID BASIS FOR REMOVAL TO FEDERAL COURT.

A party who urges jurisdiction on a federal court bears the burden of proving that jurisdiction exists. *Steel Valley Auth. v. Union Switch and Signal Div.,* 809 F.2d 1006, 1010 (3d Cir.1987).  The defendants' right to remove is to be determined according to the plaintiff's pleading at the time of the petition for removal, and it is the defendants' burden to show the existence of federal jurisdiction. *Abels v. State Farm Fire & Cas. Co.,* 770 F.2d 26, 29 (3d Cir.1985), citing *Pullman Company v. Jenkins,* 305 U.S. 534, 537, 540 (1939).

Since federal courts are courts of limited jurisdiction, removal statutes "are to be strictly construed against removal and all doubts should be resolved in favor of remand." *Steel Valley Auth. v. Union Switch and Signal Div.,* 809 F.2d 1006, 1010 (3d Cir.1987), citing *Abels v. State Farm Fire & Cas. Co.,* 770 F.2d 26, 29 (3d Cir.1985).

Defendant alleges two bases for removal: (1) Federal Question Jurisdiction under 28 U.S.C. 1331 and (2) diversity of citizenship under 28 U.S.C. §1332(a), because the amount in dispute exceeds $75,000.00. The facts and law refute both of these alleged justifications for removal.

//

//

//

### A. NO FEDERAL QUESTION EXISTS THEREFORE DEFENDANT CANNOT REMOVE CASE

Federal Question jurisdiction is limited to "civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. §1331. "The presence or absence of federal-question jurisdiction that will support removal is governed by the "well pleaded complaint rule," under which federal jurisdiction exists only when a federal question is presented on the face of the properly pleaded complaint." *Caterpiller, Inc. v. Williams*, 482 U.S. 386, 392. "Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant" *Id.* "It is now settled law that a case may *not* be removed to federal court on the basis of a federal defense." *Id. At 393*.

The case that Defendant seeks removal of, is an action for forcible entry and detainer, pursuant to A.R.S.§§ 12-1173 and 12-1173.01. This case is not arising out of the Constitution, laws, or treaties of the United States and as such, the District Court has no jurisdiction over this matter. Defendant asserts that his defense of *Res Judicata* is the appropriate federal question that permits removal. *Defendant's Notice of Removal P. 2-3 ¶ d.* Not only is *Res Judicata* available in state court, as opposed to only the federal courts as Defendant seems to suggest, but the United States Supreme Court consideres it "settled law that a case may not be removed to federal court on the basis of a federal defense." *Williams at 393*. "a *defendant* cannot, merely by injecting a **federal-question** into an action that asserts what is plainly a state-law claim, transform the action into one arising under federal law." *Id. At 398*. Put another way, Defendant does not get to remove a case from state court to federal court because he believes his defense involves a question of federal law. Only when the "complete pre-emption" doctrine applies can a state law claim be considered a question of federal law. The complete pre-emption doctrine requires a federal <u>statute</u> that's force is "so extraordinary that it converts an ordinary state

1  commonlaw complaint into one stating a federal claim." *Id. At 393*.  Here, there is no federal
2  statutory scheme competing with the Arizona eviction statutes.  Simply stated, there is no federal
3  question raised in Plaintiff's Complaint and the inquiry ends there.

### B. THERE IS NO DIVERSITY OF CITIZENSHIP AND THE AMOUNT IN CONTROVERSY DOES NOT EXCEED $75,000

If a complaint does not present a federal question, "such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. §1441(b).  Diversity Jurisdiction requires both an amount in controversy that exceeds the sum or value of $75,000 *and* that the dispute is between citizens of different states. 28 U.S.C. § 1332(a).  Additionally, the citizenship of the Plaintiff is immaterial where, as here, the defendant is sued in his home state as "a civil action otherwise removable solely on the basis of the jursdisction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. §1441(b). Defendant is a citizen of Arizona as he lives in Gilbert, Arizona. Accordingly, 28 U.S.C. §1441(b) prohibits removal to federal court based on diversity jurisdiction.

Defendant alleges that the amount in controversy in this case exceeds $75,000.00.  While the amount in controversy is immaterial in cases where there is not diversity of citizenship, Defendant has misstated the amount in controversy in his Notice of Removal.  There is no dollar amount in controversy in an action for forcible entry and detainer. In a forcible detainer action, the only issue shall be the right of actual possession.  A.R.S. § 12-1177(A). The only issue to be determined in a forcible entry and detainer action is the right to possession. *Curtis v. Morris,* 186 Ariz. 534, 925 P.2d 259 (1996).  Plaintiff does not demand an actual monetary amount in its Complaint and only seeks the fair rental value of the property, in amount to be determined at

trial. If demanded, the fair rental value would in no way exceed $75,000.00. Accordingly, the amount in controversy requirement is not met for purposes of removal.

### III.   CONCLUSION.

For the reasons set forth above, Plaintiff respectfully requests that this Court remand this matter to the Maricopa County Superior Court and requests leave to move pursuant to LRCiv 54.2, for an award of attorneys' fees and costs pursuant to 28 U.S.C. § 1447(c), in an amount to be approved by this Court upon said motion.

**RESPECTFULLY SUBMITTED** this 23rd day of August, 2017.

**McCARTHY ♦ HOLTHUS**

By: /s/Ross Mumme
  Ross M. Mumme
  8502 E. Via de Ventura, Suite No. 200
  Scottsdale, Arizona 85258
  *Attorneys for Plaintiff*
  *Bank of New York Mellon*

**CERTIFICATE OF SERVICE**

I hereby certify that on _____August 23, 2017_____, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Ivaylo Dodev
6312 South 161st Way
Gilbert, AZ 85298
Dodev@hotmail.com

I hereby certify that on _____August 23, 2017_____, I served the attached document by US Mail and electronic mail on the following:

Ivaylo Dodev
6312 South 161st Way
Gilbert, AZ 85298
Dodev@hotmail.com

By:     /s/ Courtney Watkins
        Courtney Watkins

AZ-17-112782