1  Ross M. Mumme, Esq. (029956)
   **McCARTHY HOLTHUS, LLP**
2  8502 E. Via De Ventura, Suite 200
3  Scottsdale, Arizona 85258
   (480) 265-4002
4  rmumme@mccarthyholthus.com
   Attorneys for Plaintiff
5

6           IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
7              IN AND FOR THE COUNTY OF MARICOPA

| | |
|---|---|
| 8  BANK OF NEW YORK MELLON, F/K/A<br>9  BANK OF NEW YORK, AS TRUSTEE,<br>   ON BEHALF OF THE REGISTERED<br>10 HOLDERS OF ALTERNATIVE LOAN<br>   TRUST 2007-OA7, MORTGAGE PASS-<br>11 THROUGH CERTIFICATES, SERIES<br>12 2007-OA7, its assignees and/or successors,<br><br>13          Plaintiff,<br>14<br>       vs.<br>15<br>16 IVAYLO T DODEV, JOHN/JANE DOE<br>   LAST NAME, All Unknown Occupants<br>17 and DOES 1-10, inclusive<br>18      Defendants. | No.  CV2017-009322<br>**SUMMONS**<br>(Summary Action For Forcible Entry and Detainer)<br><br>If you would like legal advice from a lawyer,<br>Contact the Lawyer Referral Service at<br>602-257-4434<br>or<br>www.maricopalawyers.org<br>Sponsored by the<br>Maricopa County Bar Association |

19
20      THE STATE OF ARIZONA TO THE ABOVE-NAMED DEFENDANTS:
21              **Ivaylo T Dodev**
                **Or Current Occupant**
22              **6312 S 161st Way**
23              **Gilbert, AZ 85298**
24
25
26      **YOU ARE HEREBY SUMMONED** and requested to appear and defend in the
    above-entitled action in the above-entitled court at:

AZ-17-112782

1

COMMISSIONER DAVID GARBARINO
101 W. JEFFERSON, (ECB) 8th FLOOR, COURTROOM 813
PHOENIX, AZ 85003

on the 27 day of JULY, 2017 at 9:00 o'clock a.m./p.m., and you are hereby notified that in case you fail to do so, judgment by default will be rendered against you on the form of relief demanded in the Complaint.

The name and address of Plaintiff's attorney is as follows:

**McCARTHY HOLTHUS, LLP**
Ross M. Mumme, Esq.
8502 East Via De Ventura, Suite 200
Scottsdale, Arizona 85258

**REQUESTS FOR REASONABLE ACCOMMODATION FOR PERSONS WITH DISABILITIES MUST BE MADE TO THE DIVISION ASSIGNED TO THE CASE BY PARTIES AT LEAST 3 JUDICIAL DAYS IN ADVANCE OF A SCHEDULED COURT PROCEEDING.**

GIVEN under my hand and the seal of the Superior Court of the State of Arizona, in and for the County of MARICOPA this _____ day of _____, 2017.

**COPY**

JUL 1 2 2017

By _____
Clerk of the Superior Court

MICHAEL K. JEANES, CLERK
C. FISHER
DEPUTY CLERK

AZ-17-112782

2

Supreme Court No. R-07-0023 Page 19 of 20

**Appendix A RESIDENTIAL EVICTION INFORMATION SHEET (PUBLICATION AND DISTRIBUTION REQUIRED BY THE ARIZONA SUPREME COURT) Notice.** A landlord must provide a tenant with written notice saying why the eviction process has started. The tenant should have received this notice before this lawsuit was filed or with the summons. **Rent cases.** If this lawsuit has been filed for not paying rent, the tenant can stop it and continue living in the residence by paying all rent now due, late fees, attorney's fees and court costs. After a judgment has been granted, reinstatement of the lease is solely in the landlord's discretion. Inability to pay rent is not a legal defense and the judge cannot give more time to pay, even if the tenant is having financial problems. **Before Court.** Eviction cases move through the court system very quickly. If the tenant disagrees with the landlord's allegations, the tenant is encouraged to file a written answer. The answer form available from the justice court allows the tenant to admit or deny the allegations and explain his or her position. If the tenant cannot afford to pay the answer fee, he or she may apply for a waiver or deferral of that fee. If a tenant believes that the landlord owes him or her money, the tenant may under some circumstances file a counterclaim. The summons states that a trial will occur on the date listed, but due to the high volume of cases, a trial may not occur then. If the tenant fails to appear, and the landlord or his attorney is present, a judgment will probably be entered against the tenant. Tenants can represent themselves or arrange for lawyers to represent them. The court will not provide a lawyer. **At Court.** At the time and date listed on the summons, the judge will start calling cases. If both parties are present, the judge will ask the tenant whether the complaint is true. If the tenant says "no", he or she will need to briefly tell the judge why. If the reason is a legal defense, the judge will need to hear testimony from both sides and make a decision after a trial. After talking to the landlord or its attorney, a tenant may wish to agree to what the landlord is requesting by signing a "stipulation". A stipulation is an agreement under which the parties resolve the dispute on the basis of what the agreement says. Only matters contained in the written agreement can be enforced. These agreements should be clear and understandable by both parties. Most stipulations include judgments against tenants. **Continuances.** Either party may ask that the court date be delayed. The court will agree only if there is a very good reason. A delay will be no more than three business days. There is no assurance a delay will be granted and parties should come to court prepared for trial and bring necessary witnesses and documents.

**After a Judgment.** If a landlord receives a judgment, it may apply for a writ of restitution to remove the tenant(s) and all occupants. Writs of Restitution are served by constables, who will direct the residents to leave. A tenant may avoid the difficulties associated with a writ of restitution by vacating the property and returning the keys to the landlord. This ends the tenants' possession of the residence. A tenant will have five (5) days to vacate the premises unless the court has found a material and irreparable breach of the lease by the tenant, in which case the tenant has only twelve (12) to twenty-four (24) hours to vacate. A judgment will probably appear on a tenant's credit report for several years. Parties wishing to appeal from a judgment have five days to do so after the judgment is entered and can obtain forms and information from the court filing counter. If a tenant wants to remain in the rental home during the appeal, the tenant must also pay an appropriate bond and continue to pay rent into court as it becomes due. If the tenant prevails the court will dismiss the case. Absent an appeal, the tenant will need to obtain the landlord's approval and enter a new lease to continue living in the residence.

Supreme Court No. R-07-0023 Page 20 of 20

**Sources of Additional Information.** You can get copies of the Arizona Residential Landlord Tenant Act, the Arizona Mobile Home Parks Residential Landlord and Tenant Act and the Long Term Recreational Vehicle Rental Space Act from a library or from the Secretary of State's office or web page: www.azsos.gov. In Maricopa County if you wish to consult an attorney, you may want to contact the Arizona State Bar Attorney Referrals Line at (602) 257-4434 or Community Legal Services at (602) 258-3434. Contact the court in other counties for similar referrals. You can obtain a summary of the obligations of landlords and tenants on the web page for justice courts in Maricopa County: www.superiorcourt.maricopa.gov/justicecourts/info.



COPY

JUL 1 2 2017

MICHAEL K. JEANES, CLERK
C. FISHER
DEPUTY CLERK

Ross M. Mumme, Esq. (029956)
**McCARTHY HOLTHUS, LLP**
8502 E. Via De Ventura, Suite 200
Scottsdale, Arizona 85258
(480) 265-4002
rmumme@mccarthyholthus.com
Attorneys for Plaintiff

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

## IN AND FOR THE COUNTY OF MARICOPA

| | |
|---|---|
| BANK OF NEW YORK MELLON, F/K/A BANK OF NEW YORK, AS TRUSTEE, ON BEHALF OF THE REGISTERED HOLDERS OF ALTERNATIVE LOAN TRUST 2007-OA7, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2007-OA7, its assignees and/or successors,<br><br>Plaintiff,<br><br>vs.<br><br>IVAYLO T DODEV, JOHN/JANE DOE LAST NAME, All Unknown Occupants and DOES 1-10, inclusive<br><br>Defendants. | No. CV2017-009322<br><br>**COMPLAINT**<br>(Summary Action For Forcible Entry and Detainer) |

**" YOUR LANDLORD IS SUING TO HAVE YOU EVICTED. PLEASE READ THIS CAREFULLY."**

Plaintiff, Bank of New York Mellon, f/k/a Bank of New York, as Trustee, on behalf of the registered holders of Alternative Loan Trust 2007-OA7, Mortgage Pass-Through Certificates, Series 2007-OA7, its assignees and/or successors, by and through its counsel undersigned, for its Complaint, alleges as follows:

AZ-17-112782
Complaint

1. Plaintiff is a foreign corporation.

2. Upon information and belief, Defendant Ivaylo T Dodev resides in Maricopa County, Arizona.

3. Defendant Ivaylo T Dodev has caused an event to occur in Maricopa County, Arizona, out of which this Complaint arises.

4. JOHN DOES 1-10 and JANE DOES 1-10 are names of fictitious individuals and Plaintiff will request leave of the court to insert the true and correct names of said individuals when and if they are learned. At all times material hereto, JOHN DOES 1-10 and JANE DOES 1-10 were each acting for and on behalf of their respective marital communities. Upon information and belief, JOHN DOES 1-10 and JANE DOES 1-10 have caused an event to occur in MARICOPA County, Arizona, out of which this Complaint arises.

5. On or about 02/08/2016, Plaintiff became the lawful owner of the real property located at 6312 S 161st Way Gilbert, AZ 85298 (hereinafter the "subject property") when Plaintiff purchased the property at a trustee's sale. A copy of the Trustee's Deed Upon Sale is attached hereto as Exhibit "A".

6. Upon information and belief, Defendants are the previous owners of the subject property or are occupying the subject property pursuant to an arrangement with the previous owner of the subject property. Defendants' interests are junior and subject to the rights of the Plaintiff herein.

7. On or about 06/30/2017, notice was given to the Defendants that they had to vacate the subject property on or before 07/07/2017. A copy of the notice is attached as Exhibit "B".

8. Upon information and belief, Defendants have failed and/or refused to vacate the subject property and continue to hold over and remain in possession thereof. Therefore, Defendants are guilty of forcible detainer pursuant to A.R.S. §§ 12-1173 and 12-1173.01.

9. Plaintiff is entitled to the fair rental value of the subject property pursuant to A.R.S. § 33-1314.

**WHEREFORE**, Bank of New York Mellon, f/k/a Bank of New York, as Trustee, on behalf of the registered holders of Alternative Loan Trust 2007-OA7, Mortgage Pass-Through Certificates, Series 2007-OA7, its assignees and/or successors, prays for judgment against Defendants Ivaylo T Dodev, and fictitious defendants, individually and collectively, jointly and severally, as follows:

A. For return of possession of the subject property.

B. For the issuance of a Writ of Restitution authorizing the Sheriff of MARICOPA County to take possession of the subject property herein and turn the same over to Plaintiff if Defendants or any other occupants refuse to vacate the property.

C. For the fair rental value of the subject property, in an amount to be determined at time of trial.

/
/
/
/
/

AZ-17-112782
Complaint

3

Case 2:17-cv-02772-JJT   Document 7-1   Filed 08/23/17   Page 8 of 8