# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Bank of New York Mellon, | No. CV-17-02772-PHX-JJT |
| Plaintiff, | **ORDER** |
| v. | |
| Ivaylo Tsvetanov Dodev, *et al.*, | |
| Defendants. | |

At issue is *pro se* Defendant Ivaylo Dodev's Notice of Removal (Doc. 1) and the parties' briefs in response to the Court's Order (Doc. 6) requiring the parties to demonstrate whether the amount in controversy does or does not meet the jurisdictional threshold. The Court will also resolve Plaintiff Bank of New York Mellon's Motion to Remand (Doc. 7) and Defendant's Motion to Strike (Doc. 8).

As the Court stated in its prior Order (Doc. 6), federal courts may exercise removal jurisdiction over a case only if subject matter jurisdiction exists. 28 U.S.C. § 1441(a); *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1116 (9th Cir. 2004). The removing party bears the burden of providing a signed notice of removal that contains a short and plain statement of the grounds for removal. 28 U.S.C. § 1446(a).

Federal courts have diversity jurisdiction over actions between citizens of different states where the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a). The Supreme Court has concluded that, under § 1446(a), "a defendant's notice of removal need include only a plausible allegation that the amount in

controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 554 (2014). "Evidence establishing the amount is required by § 1446(c)(2)(B) only when the plaintiff contests, or the court questions, the defendant's allegation." *Id.*

When a defendant's assertion of the amount in controversy is challenged, then "both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied." *Dart Cherokee Basin*, 135 S. Ct. at 554. The Ninth Circuit Court of Appeals has noted that the Supreme Court did not decide the procedure for each side to submit proof, leaving district courts to set such procedure. *See Ibarra v. Manheim Inv.*, 775 F.3d 1193, 1199-1200 (9th Cir. 2015) (citing *Dart Cherokee Basin*, 135 S. Ct. at 554). "[E]vidence may be direct or circumstantial," and "a damages assessment may require a chain of reasoning that includes assumptions." *Id.* at 1199. "When this is so, those assumptions cannot be pulled from thin air but need some reasonable ground underlying them." *Id.* For purposes of demonstrating the amount in controversy for removal jurisdiction purposes, the parties are limited to the claims they had raised at the moment Defendant attempted to remove the action. *See Strotek Corp. v. Air Transp. Ass'n of Am.*, 300 F.3d 1129, 1131 (9th Cir. 2002) (stating that jurisdiction, including the amount in controversy, is determined at the moment of removal).

Defendant's Notice of Removal did not meet the requirement of plausibly alleging that the amount in controversy exceeds the jurisdictional threshold of $75,000. *See Dart Cherokee Basin*, 135 S. Ct. at 554. In its Complaint, Plaintiff alleges that it became the lawful owner of the property on which Defendant is living on February 8, 2016, and gave Defendant notice on June 30, 2017, to vacate the property by July 7, 2017. Plaintiff now seeks possession and the fair rental value of the property in a state law forcible entry and detainer action. Thus, the amount in controversy is not the "resale value of the home," as Defendant alleges in the Notice of Removal; indeed, Plaintiff does not seek such relief in its Complaint, because it alleges it already owns the property. Instead, the amount in

controversy is the amount of rent Plaintiff could have collected if it had timely obtained possession of the property. Whether the Court considers the value of rent from February 8, 2016 or July 7, 2017 onward, it is not plausible that the amount in controversy is more than $75,000.

The briefs the parties submitted (Docs. 7, 8, 9, 10) do not provide the Court with any evidence demonstrating that the amount in controversy in this case is more than $75,000—indeed, Plaintiff concedes that it is not. Nor is there federal question jurisdiction arising from the parties' pleadings.[1] Because the Court lacks jurisdiction over this matter, the Court must remand this case to state court.

The Court agrees with Plaintiff that Defendant's removal was also defective because, under 28 U.S.C. § 1441, a home state Defendant—one who is a citizen of the state in which the action is brought—may not remove an action based on diversity jurisdiction to federal court. (*See* Doc. 7.) This defect would also require the Court to remand this case to state court.

IT IS THEREFORE ORDERED that the Clerk of Court shall remand this matter to Maricopa County Superior Court without delay.

IT IS FURTHER ORDERED denying as moot Plaintiff's Motion to Remand (Doc. 7) and Defendant's Motion to Strike (Doc. 8) and directing the Clerk to close this matter.

Dated this 30th day of August, 2017.

Honorable John J. Tuchi
United States District Judge

---

[1] Defendant's assertion that the Court would have federal question jurisdiction if he asserted a defense of *res judicata* under federal law against Plaintiff's state law claim has no merit.